JACOB RUBINO, Appellant, *v.* WILLIAM L. SCOTT, Respondent.

Where, in an action to recover an alleged agreed compensation for services, the fact of the agreement is in issue, evidence on the part of defendant of the value of such services is competent as bearing upon the issue.

(Argued November 26, 1889; decided December 10, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 11, 1886, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial without a jury.

This action was brought upon an alleged contract of employ-

ment of plaintiff by defendant to assist him in purchasing certain railroad bonds for an agreed compensation. The making of the agreement and the rendition of the services were put in issue, and the trial court found, upon evidence deemed by this court sufficient, that defendant neither agreed to or did employ the plaintiff in the matter referred to, and never agreed to pay him anything on that account.

Defendant was allowed to prove, under objection and exception, the usual rates of commission in the city of New York, where the agreement was alleged to have been made, for buying and selling railroad bonds. The court say, " in *Weidner* v. *Phillips* (114 N. Y. 458), it was held that when the fact of an agreement for the sale of property for a specific price is in dispute upon the trial, evidence of its value may be given as bearing upon the question. There is no reason why the same rule may not be applicable to that arising out of the disputed fact whether the defendant, by agreement, undertook to allow and pay to the plaintiff the amount of commissions, etc., for services as claimed by him. In that view the exceptions were not well taken."

*Joseph M. Deuel* for appellant.

*Thomas G. Shearman* for respondent.

BRADLEY, J., reads for affirmance.
All concur.
Judgment affirmed.