JOHN BLOMGREN v. GUST. ANDERSON.

FILED MAY 6, 1896. No. 6600.

1. **Action for Wages:** VERDICT FOR PLAINTIFF. Evidence, although conflicting, *held* to sustain the verdict and judgment complained of.

2. **Evidence:** COLLATERAL FACTS. Evidence of collateral facts corroborative of the statements of parties with respect to the principal contention is confined to such transactions as shed some real light upon the question at issue. As a rule, the circumstances surrounding the parties, their relations toward each other and the subject of the controversy at the time of the transaction involved, are proper subjects of proof.

3. **Wages:** SPECIAL CONTRACT: EVIDENCE: COLLATERAL FACTS. In an action to recover for services rendered under a special contract the defense alleged was that such services were by agreement performed as an equivalent for the plaintiff's board and lodging during the period named. Evidence that on or about the date of the agreement alleged by the defendant a third person, in his (defendant's) presence and hearing, offered to employ the plaintiff at substantial wages for work of the same general character, was rightly admitted as bearing upon the reasonableness of the plaintiff's claim, and in some degree corroborative of the plaintiff's testimony.

ERROR from the district court of Burt county.  Tried below before FERGUSON, J.

*Uriah Bruner*, for plaintiff in error.

*H. H. Bowes, contra.*

POST, C. J.

The defendant in error was permitted to recover in the district court of Burt county for work and labor performed under an alleged special agreement.  According to the allegations of his petition, he labored for the defendant therein (plaintiff in error) three months, to-wit, during the months of December, 1891, and January and February, 1892, at the agreed rate of $20 per month.  The answer consists of a general denial and an allegation that the services claimed for were by agreement rendered as an equivalent for the plaintiff's board and lodging, during the months above named.  Evidence was adduced by the parties in support of their respective contentions, that of the plaintiff below being sufficient, when tested by the rules applicable to proceedings in error, to sustain the verdict and judgment in his favor.  The record, however, presents another question, the solution of which is attended with more difficulty.  The plaintiff below was, over the objection of the defendant, permitted to prove as a part of his case in chief that one Johnson, a neighbor, about the time of the alleged agreement, to-wit, December 1, 1891, offered to employ him (plaintiff) to husk corn at $1.25 per day, saying that he then had ninety acres of corn to gather, which offer was made in the presence and hearing of the defendant.  That proof, it is argued, should have been rejected as wholly collateral to the matter in dispute, and as tendering a false issue, the effect of which was necessarily to mislead and prejudice the minds of the jurors against the defendant.  It is clear that some discretion should be accorded the trial court in the admission of collateral facts corroborative

of the statements of parties with respect to the principal contention, although the limit of such discretion has not been clearly defined. The rule, as said by one author, "excludes all evidence of collateral facts which are incapable of affording any reasonable presumption as to the principal matters in dispute; and the reason is that such evidence tends needlessly to consume the public time, to draw the minds of the jurors from the points in issue, and to excite prejudice and mislead; moreover, the adverse party, having had no notice of such evidence, is not prepared to rebut it. The due application of this rule will occasionally tax to the utmost the firmness and discrimination of the judge; so that while he shall reject, as too remote, every fact which merely furnishes a fanciful analogy or conjectural inference, he may admit as relevant the evidence of all those matters which shed a real, though perhaps indirect and feeble, light on the question in issue. And here it will generally be found that the circumstances of the parties to the suit, and the position in which they stood when the matter in controversy occurred, are proper subjects of evidence; and, indeed, the change in the law enabling parties to give testimony for themselves has rendered this proof of 'surrounding circumstances' still more important than it was in former times." (Taylor, Evidence, sec. 316; 1 Greenleaf, Evidence, sec. 52 *et seq.*) The fact that the plaintiff below might have earned satisfactory wages at the time he, as alleged, engaged to serve the defendant for his board and lodging, is not wholly irrelevant to the question at issue. It bears directly upon the reasonableness of the defendant's claim, and is accordingly in some degree corroborative of the plaintiff's evidence in his own behalf. In *Weidner v. Phillips*, 114 N. Y., 458, in which the question at issue was an agreement for the sale of property at a specified price, evidence of the value of the property was held admissible in corroboration of the defendant's denial of the alleged contract; and that case was followed and approved in *Rubino v. Scott*, 118 N. Y., 662. It must be re-

membered, too, that Johnson's offer to employ the plaintiff was made in the presence and hearing of the defendant and is, for that reason, not within the rule excluding *res inter alios acta*. The court did not, we think, err in receiving the evidence complained of, the question of the weight and sufficiency thereof being by appropriate instructions submitted to the jury.

What is here said applies to evidence of like character received over the objection of the defendant below, and of which complaint is made in the petition in error. An examination of the entire record discloses no error on the part of the trial court prejudicial to the defendant therein. The judgment is accordingly

AFFIRMED.