KANSAS CITY & OMAHA RAILROAD COMPANY v. OLIVER C. ROGERS.

FILED MAY 20, 1896.   No. 6601.

| 48 | 653 |
| 49 | 496 |
| 50 | 714 |
| 53 | 244 |
| 48 | 653 |
| 56 | 820 |
| 48 | 653 |
| 61 | 54 |

1. **Railroad Companies:** SETTING OUT FIRE: DAMAGES: EVIDENCE.   In an action against a railroad company for setting out fire upon its right of way which spread to the lands of the plaintiff and de-

stroyed trees thereon the plaintiff testified as to the value of the trees. On cross-examination he said that in estimating their value he considered what they were worth to him as ornamental trees and as adding to the value of the land. *Held,* That a motion to strike out his testimony as to value was properly overruled.

2. **Fires.** Section 62 of the Criminal Code, making it a misdemeanor to set fire to woods and prairies, applies to fires set out on the lands of another, and not on one's own land.

3. **Instructions: Issues.** It is reversible error to state to the jury propositions of law not applicable to the issues or evidence, where such statements might have a prejudicial effect upon the losing party.

4. **Railroad Companies: Setting Out Fire: Damages.** In an action for negligently setting out fire destroying trees on the land of the plaintiff the measure of damages is the damages suffered by such trees. *Fremont, E. & M. V. R. Co. v. Crum,* 30 Neb., 70, followed.

5. ———: ———: ———. In ascertaining such damages the inquiry should be not alone as to the value of the trees before their injury, but should be as to the difference in value before and after the fire.

ERROR from the district court of Adams county. Tried below before BEALL, J.

*M. A. Hartigan, John Hartigan,* and *M. A. Reed,* for plaintiff in error.

*A. H. Bowen, contra.*

IRVINE, C.

Rogers sued the railroad company, charging that in September, 1891, it negligently omitted to keep its right of way free from combustible materials, and permitted large quantities of grass and weeds to accumulate upon its right of way near the premises of the plaintiff, and that the servants of the railroad company negligently set fire to the grass, weeds, and combustible materials accumulated on the right of way and negligently permitted said fire to pass upon the lands of the plaintiff, whereby 204 forest trees, of the value of $300, were burned and destroyed. The answer amounted to a general denial. There was a verdict and judgment for the plaintiff for $200, which the railroad company seeks to reverse.

It was established, without contradiction, that two employes of the railway company were engaged in burning the grass and weeds from the right of way; the fire escaped from their control and spread upon plaintiff's land, burning his trees. The plaintiff was asked to state to the jury what, in his opinion, would be the fair and reasonable value of the trees immediately before the fire. An objection to this question was overruled, and he answered, "About a dollar apiece." On cross-examination he was asked to state the basis of this valuation, and he answered: "Because they were worth that to me as ornamental trees." "Q. What are the elements that enter into the estimate that you have made? A. Adding to the value of the land and the farm." The defendant then moved to strike out all his testimony in regard to value, because not based on proper considerations. It was held in *Fremont, E. & M. V. R. Co. v. Crum*, 30 Neb., 70, that in such a case the measure of damages is not the depreciation in the value of the land because of the destruction of the timber, but is the amount of damages suffered by the timber by reason of the fire. On the trial both sides proceeded upon the assumption that this rule of damages was correct. The only difference in the two cases is that in the Crum case the trees seem to have been of natural growth,while in the case at bar they had been planted and cultivated. It is suggested in the briefs that this difference may for some purposes mark a distinction in the rule, but we cannot perceive it. The contention of the defendant in regard to the evidence referred to is that the answers of the witness on cross-examination showed that his estimate of the value was not within the rule in the Crum case. It was, however, said in the Crum case that the inquiry should be as to the value of the trees as standing timber, and not the market price for transplantation as shade or ornamental trees. The reason given in the opinion was that the latter valuation would require an inquiry into the cost of transplanting and transporting, and would depend upon the existence of a

sufficient market for such trees. If the market value is
not a proper test, and if their value must be determined
as standing timber, then it follows that it is not only
proper, but absolutely necessary to consider their value
with reference to the land in the situation in which they
stood, and, so viewed, the witness' testimony was mate-
rial and competent, and the court properly refused to
strike it out. If we should hold that the value must be
estimated without regard to the market value for the pur-
poses of transplanting, as the Crum case holds, and also
without regard to the value of the trees as they stood with
reference to the farm and as affecting its value, we would
practically hold that no value could be established, and
we should certainly be attempting to create distinctions
imperceptible without the use of some instrument of high
magnifying power.   In the case of *Bailey v. Chicago, M. &
St. P. R. Co.*, 54 N. W. Rep. [S. Dak.], 596, the supreme
court of South Dakota follows the rule of damages laid
down in the Crum case, and in the course of the opinion
holds that evidence of a character similar to that here
complained of is irrelevant, but the question was not
presented by the record in such a manner as to permit a
reversal, and Bennett, P. J., dissented upon this point in
a forcible and, to my mind, a most convincing opinion.

The court, at the request of the plaintiff, gave the two
following instructions:

"1. Section 62 of the Criminal Code of the state of Ne-
braska, at page 880 of the Compiled Statutes of 1887,
makes it a misdemeanor to set fire to any woods, prairies,
or other grounds whatsoever in this state. This statute
reads as follows:

"'Sec. 62. (Setting fire to woods and prairies.)—If any
person or persons shall willfully and intentionally, or
negligently and carelessly, set on fire, or cause to be set
on fire, any woods, prairies, or other grounds whatsoever,
in any part of this state, it shall be deemed a misde-
meanor, and every person so offending shall be punished
by a fine of not less than five (5) dollars nor more than

one hundred (100) dollars, and by imprisonment in the county jail for not less than one month nor more than six months; *Provided*, That this section shall not extend to any person who shall set on fire, or cause to be set on fire, any woods or prairies adjoining his or her own farm, plantation, field, or enclosure, for the necessary preservation thereof from accident by fire, between the first day of March and the last day of November, by giving to his or her neighbors two days' notice of such intention; *Provided, also,* That this section shall not be construed to take away any civil remedy which any person may be entitled to for any injury which may be done or received in consequence thereof.'

"You are further instructed that every one has a right to presume that no one will be guilty of a misdemeanor, and is, therefore, under no obligation to anticipate such negligence to guard against it; therefore, if you find that the defendant, or its agents or employes, negligently or carelessly set fire to the material upon its right of way, and that such fire destroyed plaintiff's property, the defendant will be liable for the damage.

"2. If you find from the evidence that the destruction of the plaintiff's trees was the result of fire set out by the agents or employes of defendant, then you will find for the plaintiff and assess his damage at such sum as may be warranted by the evidence. Modified by the court: Provided you find that said fire was set out negligently and carelessly."

The court should not have given the first instruction. The section referred to does not make it a misdemeanor for a man to set out fire upon his own land. To hold that it does so would require an interpretation of the proviso which would give him the privilege of setting out fire upon woods or prairies adjoining his land, within certain seasons, and upon giving notice thereof to neighbors, where he would not have any such right upon his own land. Therefore, the section had no application to this case. *Powers v. Craig*, 22 Neb., 621, was a case where fire

46

had been set out on lands of another. Even if the section did apply to such a case as this, its violation would only be evidence of negligence and would not create a liability as a matter of law. (*Chicago, B. & Q. R. Co. v. Metcalf*, 44 Neb., 848; *Omaha & R. V. R. Co. v. Talbot*, 48 Neb., 627.) The instruction was ostensibly given for the purpose of avoiding any inference as to contributory negligence; but contributory negligence was not pleaded, and it is not contended that any existed. If the court saw fit to cover this subject, it might very properly have done so by a peremptory instruction that the question of contributory negligence was not involved. But the recital of this statute was inapplicable to the case, and, without further explanation, was necessarily prejudicial to the defendant. The second instruction was free from error after it had been modified by the court. The objection made to it is that it directed damages to be assessed at such sum as "may be warranted by the evidence." The sixth instruction, given at defendant's request, defined the measure of damages, it is true not directly, but by such strong implication that it cured any error which may have existed independently thereof in the second instruction given at plaintiff's request.

The remaining assignments go, in effect, to the sufficiency of the evidence. We think the evidence was insufficient on the question of damages. If the damage to the trees, and not the injury to the freehold, is the proper measure, then it follows that the damages should be ascertained by deducting from the value of the trees before the fire their value thereafter. In *Fremont, E. & M. V. R. Co. v. Crum*, supra, there was evidence from which the latter value could be ascertained. It is contended that the evidence in this case shows that the trees after the fire were of no value; but we cannot view the evidence in this light. It appears that the trees were killed and that they were afterwards removed. The plaintiff took two wagon loads home for use as fire-wood, and gave the remainder to a neighbor as compensation for his

assistance in removing them. The argument, in effect, is that the trees were without value because the plaintiff received no money therefor, but this is a *non sequitur*. The fire-wood he obtained was presumably of some value, as was also the timber which he gave to his neighbor. The evidence affords no basis for permitting a remittitur, even if the error in giving the first instruction did not require a reversal.

REVERSED AND REMANDED.