## MARY M. ROGERS V. KANSAS CITY & OMAHA RAILROAD COMPANY.

### FILED JUNE 15, 1897. No. 7328.

1. **Railroad Companies: FIRE FROM LOCOMOTIVE: DAMAGES.** Where damage is caused by the escape of fire from a railroad engine, the burden is upon the company to show that the engine was properly constructed, equipped, and operated. (*Burlington & M. R. R. Co. v. Westover,* 4 Neb., 268.)

2. ——: ——: ——: **DIRECTING VERDICT.** When the evidence adduced tends to sustain the averments of the petition, it is error to direct a verdict for the defendant.

ERROR from the district court of Adams county. Tried below before BEALL, J. *Reversed.*

*A. H. Bowen,* for plaintiff in error.

*M. A. Reed* and *M. A. Hartigan, contra.*

NORVAL, J.

Plaintiff sued the defendant to recover damages for the destruction by fire of plaintiff's fence posts and trees. After the testimony was all in, the jury, under the directions of the trial judge, returned a verdict for the defendant, upon which judgment was duly entered, and to reverse which the case was brought here by petition in error.

Plaintiff, by permission of the court, filed an amended petition to conform to the evidence adduced by her, alleging substantially that the defendant negligently, in operating and running the engine over its line of road through plaintiff's premises, "permitted said engine to cast out sparks and coals of fire therefrom, and threw the same over and upon the premises of plaintiff, and then and thereby set fire to the grass on her land and burned up and destroyed 280 ash trees and 57 fence posts." The verdict was directed upon the theory that the evidence failed

to show that the fire which caused the damage escaped from the defendant's engine. If the proofs failed to disclose the origin of the fire, the duty to affirm the judgment is clear. There is no conflict in the evidence. O. C. Rogers, plaintiff's husband, testified substantially that he saw an extra train go over defendant's road at the rate of nearly twenty-five miles an hour, on or about the 22d day of April, 1889; that immediately after the engine passed, the fire which occasioned the damages started near the edge of the grass, which rapidly spread and burned to within a few rods of plaintiff's house, and that there had been no other fire in the vicinity that spring. The testimony of Mr. Rogers was corroborated by that given by his daughter, Nettie. It is true no witness testified to having seen the engine emitting sparks or coals of fire, but that was not absolutely essential to a recovery. The origin of a fire, like any other disputed question of fact, may be established by circumstantial evidence. While the testimony adduced in this case was not of the most convincing character, we cannot say that no inference could be properly drawn therefrom that the fire resulted from sparks or coals cast out by the engine. On the contrary, we are persuaded that the proofs should have been submitted to the jury for their consideration, under proper instructions. The rule in this state is that when fire is set out by sparks from a passing engine, negligence may be inferred, and that the burden of proof is upon the company to establish that the engine was not faulty in construction, and was properly equipped and operated. (*Burlington & M. R. R. Co. v. Westover*, 4 Neb., 268.)

It is insisted that plaintiff alleged one state of facts, and proved an entirely different set of facts. In other words, that negligence was alleged in the operation and management of the engine, and not that it was defectively constructed, and that there was not a scintilla of evidence in the case to establish the negligence charged in the petition. The inference of negligence in the operation

and running of the engine could as well be drawn from the fact that the engine communicated the fire to the grass as that the engine itself was faulty in construction. It devolved upon the defendant to prove that the engine was not carelessly and negligently managed or operated by its servants. For the error in directing the verdict, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.