## MISSOURI PACIFIC RAILWAY COMPANY V. ABSALOM TIPTON.

FILED DECEMBER 5, 1900.   No. 9,288.

1. **Assignment of Error.** An assignment of error as follows, "Errors of law occurring at the trial and duly excepted to by the said defendant at the time," is too general to call attention to any particular instruction given or refused and excepted to, and is insufficient to present to the trial court the question of the correctness of its rulings on the giving or refusal of such instructions. *Phœnix Ins. Co. v. King*, 52 Nebr., 562.

2. **Instruction: GIVING: REFUSAL: ERROR: ATTENTION OF TRIAL COURT.** The giving or refusal of instructions can not be considered in review of the case by proceeding in error, unless the objections thereto were first presented to the trial court and its attention challenged to the instructions excepted to.

3. **Negligence: INJURY TO FRUIT TREES: MEASURE OF DAMAGES.** In an action for negligence for injury to a number of growing fruit trees by fire, a recovery may be had by ascertaining as the amount of damages the difference in value of the fruit trees as standing, immediately before and after the injury complained of. *Fremont, E. & M. V. R. Co. v. Crum*, 30 Nebr., 70.

ERROR from the district court for Otoe county. Tried below before RAMSEY, J. *Affirmed.*

*Bailey P. Waggener, C. W. Seymour* and *James W. Orr,* for plaintiff in error:

The true rule of damages in a case of this kind is that, when the property destroyed or injured is so closely connected with the real estate on which it stands or to which it is attached that it has no value separate and independent of the real estate, the measure of damages is the difference in value between the real estate before the injury and after it. *Rowe v. Chicago & N. W. R. Co.,* 102 Ia., 286; *Louisville, E. & St. L. C. Co. v. Spencer,* 149 Ill., 97; *Dwight v. Elmira, C. & N. R. Co.,* 132 N. Y., 199; *Ward v. Chicago, M. & St. P. R. Co.,* 63 N. W. Rep. [Minn.], 1104; *Missouri P. R. Co. v. Haynes,* 42 Pac. Rep. [Kan.], 259; *St. Louis & S. R. Co. v. Hoover,* 43 Pac. Rep. [Kan.], 854; *Baltimore & O. R. Co. v. Countryman,* 44 N. W. Rep. [Ind.], 265; *Sherman v. Hannibal & St. J. R. Co.,* 54 Mo. App., 223; *Carner v. Chicago, St. P., M. & O. R. Co.,* 43 Minn., 375.

*Fremont, E. & M. V. R. Co. v. Crum,* 30 Nebr., 70, and *Kansas City & O. R. Co. v. Rogers,* 48 Nebr., 653, are not in point, for this reason: The rule of damages regarding the destruction of fruit trees is very different from the rule where forest or timber trees are destroyed. The value of a fruit or shade tree consists in its connection with the soil. The value of a timber tree begins upon its severance from the soil. A recovery may be had for the value of the thing destroyed, where it has a value which may be accurately measured without reference to the soil in which it stands. But fruit trees do not have such a value.

*John C. Watson,* also for plaintiff in error.

*Sloan & Moran, contra:*

As to measure of damages, see *Bailey v. Chicago, M. &*

*St. P. R. Co.*, 54 N. W. Rep. [S. Dak.], 596, particularly the opinion of Bennett, P. J.

HOLCOMB, J.

The plaintiff, defendant in error, recovered a judgment in the trial court for the sum of $1,064.85, as and for damages on account of the destruction of a large number of bearing cherry trees by fire alleged to have been wrongfully and negligently caused by the defendant—plaintiff in error—in the operation of its locomotives attached to its railway trains.

It is urged by counsel for defendant that the judgment should be reversed because of alleged erroneous instructions given and refused, and also for the reason the evidence is insufficient to support a recovery. We are precluded from reviewing the instructions excepted to, which are argued in this court for the first time, for the reason that the same were not pointed out or called to the attention of the trial court in the motion for a new trial. Counsel argue that having assigned as one of their grounds for a new trial "errors of law occurring at the trial and duly excepted to by the said defendant at the time," the same is sufficient to raise the question as to the correctness of the ruling of the court on instructions given and refused. We think the rule is otherwise firmly established by the prior utterances of this court on the subject. The assignment is too general to call the attention of the trial court to any particular instruction. If it can be said to apply to all, it is to all instructions to which exceptions were taken at the trial, and is equivalent to assigning as error the giving of instructions *en masse*. Such assignment, to be sustained, must be sound as to all instructions to which exceptions are taken. In the case at bar, there is no claim of error as to several instructions excepted to, the error, if any, being waived, their giving is presumably correct; and, applying the rule as to assigning error to instructions *en masse*, the objections can not be sustained. This as-

signment, however, has not only been held in this court
as insufficient to present to the trial court the question
of the correctness of its rulings on the giving or refusal
of instructions (*Phœnix Ins. Co. v. King*, 52 Nebr., 562), but
it has also been frequently held that the giving or refusal
of instructions can not be considered on an appeal of the
case, unless the objections thereto were first presented
to the trial court and its attention challenged to the
instructions excepted to. This has not been done in the
present case, and the ruling on instructions given and
refused can not, therefore, be reviewed in this proceed-
ing. *Barr v. City of Omaha*, 42 Nebr., 341; *Wier v. Bur-
lington & M. R. R. Co.*, 19 Nebr., 212, 213; *Becker v.
Simonds*, 33 Nebr., 680; *Barton v. McKay*, 36 Nebr., 632;
*Hanover Fire Ins. Co. v. Schellak*, 35 Nebr., 701; *Hedrick v.
Strauss*, 42 Nebr., 485.

In the case at bar, the same principle is involved with
reference to the introduction of evidence, and its suffi-
ciency to support the verdict, as in the ruling on the
instructions of which complaint is made, and a proper
conclusion as to the one necessarily disposes of the other
on its merits.

On the trial of the case the plaintiff was permitted to
prove the difference in the value of the trees, for the
injury and destruction of which the action was instituted,
immediately before and after the fire, as the measure of
damages sustained. It is insisted by counsel for defend-
ant that the true rule by which the damages are to be
measured is the difference in the value of the real estate
upon which the trees were growing immediately before
and after the injury complained of; and a number of au-
thorities in support of the proposition are cited. It is
true that in many jurisdictions the rule contended for by
counsel has been adopted; but we think this court is
committed to the doctrine that a recovery may be had
under evidence showing the value of fruit trees, shade
or ornamental trees, or young growing timber, as they
stood as live, growing trees before the injury complained

of, and their value; if any, immediately thereafter. We find no substantial objection to this mode of ascertainment of damages, and regard the extent of the injury sustained susceptible of proof by this method with as reasonable degree of certainty and accuracy as the one contended for. Says Bennett, P. J., in a specially concurring opinion in *Bailey v. Chicago, M. & St. P. R. Co.*, 54 N. W. Rep. [S. Dak.], 596, 599· "So I say, when there is no wrongful purpose or wrongful negligence in the defendant, compensation for the real injury alone is the purpose of all remedies. Such a standard of damages is reasonable, and does justice to both parties. The inquiry should be, how much was the plaintiff injured by the destruction of the trees? In an action like the one at bar the true measure of damages, in my opinion, is the amount of injury which the plaintiff has actually suffered." The action was based upon the theory of damages to the growing trees, rather than as an injury to the freehold, and, in such case, the proper mode of estimating the loss sustained as heretofore approved by this court has been followed.

It is argued that a different rule should be applied to the loss of fruit trees than that of growing timber, and that for that reason the prior utterances of this court with regard to injury to growing timber do not necessarily determine the questions involved in the present controversy. We think the same rule as to measurement of damages should govern in both cases. In this we are supported by the authorities cited by defendant. *Dwight v. Elmira, C. & N. R. Co.*, 30 N. E. Rep. [N. Y.], 398. Being committed to the rule that a recovery may be had by ascertaining, as the amount of damages, the difference in value of the fruit trees as standing immediately before and after the injury complained of, we observe no sufficient reason for departure therefrom, and upon such authority hold the evidence objected to as competent and admissible for the purposes for which it was intended, and sufficient to support the verdict and judgment ren-

dered. *Fremont, E. & M. V. R. Co. v. Crum*, 30 Nebr., 70; *Kansas C. & O. R. Co. v. Rogers*, 48 Nebr., 653. In support of the same rule we also cite: *Bailey v. Chicago, M. & St. P. R. Co., supra; Montgomery v. Locke*, 13 Pac. Rep. [Cal.], 401; *Wallace v. Goodall*, 18 N. H., 439.

The judgment of the district court is

AFFIRMED.