UNION PACIFIC RAILROAD COMPANY V. EDWARD D. MURPHY.

FILED MAY 3, 1906. No. 14,264.

1. Pleadings: APPEAL: CAUSE OF ACTION. There was a variance in the time of alleged damage by fire between the petition in the county court and the petition as amended in the district court, otherwise the petition in the district court was the same as the petition in the county court; pleadings examined with reference to the facts, and *held* to state the same cause of action.

2. The measure of damages to growing trees, having no value for purposes of transplanting, is the value of the trees with reference to the land in the situation in which they stood prior to the damage, less their value for practical purposes afterwards.

3. Damages: EVIDENCE. It is not error to permit a witness to testify whether or not such growing timber is valuable as ornamental or shade trees or as a protection to the owner's premises.

4. Evidence examined, and *held* sufficient to support the verdict.

38

ERROR to the district court for Dawson county: BRUNO
O. HOSTETLER, JUDGE.  *Affirmed.*

*John N. Baldwin, Edson Rich* and *John A. Sheean,* for
plaintiff in error.

*Warrington & Stewart* and *H. M. Sinclair, contra.*

EPPERSON, C.

Murphy sued the defendant company in the county
court of Dawson county, charging that on or about the 22d
day of September, 1902, he suffered a loss by fire of 11 tons
of hay, 155 growing trees and 35 fence posts of the aggre-
gate value of $226.20, and that said fire was caused
through the carelessness of the defendant. In his petition
filed in the district court for said county, to which the
case was taken on appeal, the plaintiff fixed the time of
said fire as in the county court "on or about September 22,
1902." Near the close of the trial, the court permitted
plaintiff to amend his petition by stating that the fire
occurred on or about the 21st day of October, 1902.

1. Defendant argues that by such amendment a differ-
ent cause of action was alleged. This is seriously con-
sidered because there was in fact on each of the days in
controversy a fire caused by defendant, which damaged
plaintiff's property. Defendant contends that by the
amendment plaintiff was permitted to substitute the dam-
age done by the fire other than the one alleged in the
county court. The evidence shows that the fire of Septem-
ber 22d destroyed the hay on the south side of the track,
and the fire of October 21st destroyed the property alleged
in the petition. The damages alleged were the same in
the petition filed in the county court and the amended
petition filed in the district court. There was only the
one fire which damaged fence posts, trees and hay. The
same cause of action was alleged. Plaintiff might have
recovered damages done October 21, even though he had
not amended his petition, but, having chosen to amend,
did not thereby lessen his rights to recover.

2. As to the measure of damages, the court instructed the jury as follows: "The court instructs the jury that, if you find from the evidence and under the instructions of the court for the plaintiff, you will assess the amount of his recovery at the amount of damage the trees sustained by reason of the fire, and this sum is ascertained by determining the value of the trees burned as standing timber with reference to the land in the situation in which they stood, less their value in their burned and charred condition after the fire." Defendant takes exception only to the clause "with reference to the land in the situation in which they stood." Otherwise, the instruction is identical with that approved by the court in the case of *Fremont, E. & M. V. R. Co. v. Crum*, 30 Neb. 70. It was there held that the measure of damages was not the market price of trees for transplanting as shade or ornamental trees, but the difference in value of such trees before and after the fire as standing timber. We cannot see that the objectionable feature varied the approved rule. There was no evidence that the trees in controversy in this case were intended for any other purpose which would permit their separation from the land, or that they were of value for the purpose of transplanting. By inserting the matter objected to in this instruction, the trial court properly limited the jury to a consideration of the one element of damage. It occurs to us that this was a matter favorable to defendant. The learned commissioner in *Kansas City & O. R. Co. v. Rogers,* 48 Neb. 653, in writing of a similar matter, used this language: "If the market value is not a proper test, and if their value must be determined as standing timber, then it follows that it is not only proper, but absolutely necessary to consider their value with reference to the land in the situation in which they stood." There was no error in the instruction complained of.

3. Upon the trial the plaintiff as a witness in his own behalf was asked this question: "State whether or not such trees as you have described were destroyed in this fire have a value as ornamental or shade trees and as a pro-

tection to the buildings and premises generally?" Again counsel cite *Fremont, E. & M. V. R. Co. v. Crum, supra.* But we do not understand that this court undertook to say that the value of ornamental and shade trees was not to be considered by a jury in ascertaining the amount of damages. But as to the trees in controversy in that case the question of the value thereof for transplanting was not to be considered. In the case at bar the question of transplanting was not considered, but the value of the trees as standing timber was to be ascertained, and the elements constituting that value were proper subjects of inquiry. The court properly overruled defendant's objection to the question.

4. Defendant requested the court to instruct the jury to return a verdict for the defendant, on the ground that there was no evidence to support plaintiff's claim that the defendant was negligent in setting out the fire on the 21st of October. The evidence clearly shows that the fire which destroyed the plaintiff's property described in the petition was on or about October 21, 1902; that the defendant's right of way abutting the plaintiff's damaged grove and hay lands was not kept clean and free from dry and combustible material; and that the fire began on the right of way soon after the passage of one of defendant's locomotives. This evidence, under the rule of this court, was sufficient to establish the plaintiff's case. *Union P. R. Co. v. Keller,* 36 Neb. 189; *Rogers v. Kansas City & O. R. Co.,* 52 Neb. 86. The evidence as to the amount of damages was conflicting, but the amount of the verdict was within the limits fixed by the several witnesses, and we see nothing in the record supporting defendant's contention that the verdict was the result of passion and prejudice on the part of the jury.

Finding no reversible error in the record, we recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.