CHARLES ALBERTS, APPELLEE, v. WILLIAM HUSENETTER, APPELLANT.

FILED DECEMBER 7, 1906.  No. 14,504.

1. **Damages: EVIDENCE.** In an action for damages to growing trees, evidence showing the effect the destruction of the trees had on the value of the land is admissible when the nature of the trees destroyed is such that they have no value, except with reference to and as a part of the real estate.

2. **Trial: DISCRETION OF COURT.** It is discretionary with the trial court to permit the jury to view property which is the subject of litigation.

3. **Evidence** examined, and *held* that the damages awarded were not excessive.

APPEAL from the district court for Brown county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*J. A. Douglas* and *A. W. Scattergood,* for appellant.

*L. K. Alder,* contra.

EPPERSON, C.

This action was brought to recover damages for the negligent burning of plaintiff's cottonwood and mulberry trees. Plaintiff recovered judgment in the court below, and defendant appeals.

The most important question argued pertains to the admission of evidence as to damages sustained. Plaintiff as a witness in his own behalf was asked: "Now what effect does it (the grove) have upon the value of the land for the purposes for which you were using or preparing it, as a ranch?" Another witness was asked: "Now, can you fix the value of those trees in the grove there, standing there as growing timber, taken in connection with the effect they would have on the value of the land just prior to the fire?" Questions of like import were asked of other witnesses. Defendant's objections to these questions were overruled. The answers were favorable to plaintiff, and prejudicial if erroneous. This question was before the court in *Kansas City & O. R. Co. v. Rogers,* 48 Neb. 653. During the trial of that case a witness testified to the amount of damages to his trees. On cross-examination he was asked to give the basis of his valuation, and answered: "Because they were worth that to me as ornamental trees." "Q. What are the elements that enter into the estimate that you have made? A. Adding to the value of the land and the farm." It was held that a motion to strike out this testimony as to value was properly overruled. In the case at bar, the elements making up the witnesses' estimates of the damages were shown by the direct instead of the cross-examination. Otherwise, the two cases as to this point are similar. We can see no difference in principle. Plaintiff herein did not attempt to recover for damages to his land, nor to measure his damages by the difference in the value of the land before and after the fire. The witnesses testified to the value of the damaged trees before the fire and their value afterwards. In arriving at the value of the trees, it is

shown by the evidence objected to that they considered the trees valuable because they added to the value of the land. They were of little or no value when severed from the land. In other words, the wood or lumber, when severed, could not be practically utilized. This being true, the trees would have no market value. But it does not follow that they were worthless. In this state there is little natural timber, and in the western portion of the state but little timber of any kind. Brown county is in the territory unfavored by nature in this respect. Trees have a value independently of their intrinsic worth as wood or for other purposes for which they may be practically utilized. They are ornamental. They furnish shade in the summer and shelter in the winter. When thus considered, their value as growing timber must be estimated with reference to their situation as to the land or farm upon which they stood. In *Union P. R. Co. v. Murphy*, 76 Neb. 545, this court held: "The measure of damages to growing trees, having no value for purposes of transplanting, is the value of the trees with reference to the land in the situation in which they stood prior to the damage, less their value for practical purposes afterwards." If we cannot consider the trees with reference to the land, and as affecting the value of the land, then, under the case made, we must hold that plaintiff was not damaged by the burning of the trees. Defendant contends that the *Rogers* case is contrary to *Fremont, E. & M. V. R. Co. v. Crum*, 30 Neb. 70, wherein it was held: "The measure of damages is the amount of damage the trees and timber suffered by reason of the fire, and not the difference in the value of the land with standing trees and timber before the fires and afterwards." That rule was adhered to in *Missouri P. R. Co. v. Tipton*, 61 Neb. 49, and the same measure of damages applied to fruit trees. A discussion of these cases is unnecessary. The rule there followed does not preclude evidence relating to the effect the destruction of trees would have on the value of the land when the nature of the trees destroyed is such that

they have no value, except as they exist as growing timber with reference to and as a part of the real estate. ·

2. After plaintiff's evidence was introduced the court, on motion of the plaintiff, permitted the jury to view the grove. Defendant alleges error in this, contending that, if justified at all, the visit of the jury should have been after the introduction of all the evidence. Under the provisions of section 284 of the code, the viewing of property by the jury is entirely within the discretion of the trial court, and unless an abuse of discretion is shown the judgment will not be reversed.

3. Defendant's final contention is that the verdict is excessive. Several witnesses placed the value of the property destroyed at $1,000. Others at a less figure. We cannot say that $250 was excessive.

The judgment should be affirmed, and we so recommend.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.