JUNE W. HART, APPELLEE, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED MARCH 5, 1909. No 15,495.

1. **Appeal: EXCEPTIONS.** An instruction to which there is no exception is not reviewable.

2. **Damages:** DESTRUCTION OF TREES. In a suit to recover damages to timber injured by fire, the court may decline to instruct the jury that the measure of damages is the difference in value of plaintiff's land before and after the fire, where the trees have a value separate from the land.

3. **Evidence:** VALUE OF TREES. In an action to recover damages to timber injured by fire, a competent witness for plaintiff may testify to the number of trees destroyed and the difference in their value before and after the fire.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*B. T. White, C. C. Wright* and *B. H Dunham,* for appellant.

*M. F. Harrington* and *R. M. Johnson, contra.*

ROSE, J.

Sparks from defendant's engine started a fire which burnt over a quarter-section of land owned by plaintiff in Holt county, and she brought this suit to recover resulting damages in the sum of $2,000 to her land, grass and a ten-acre grove of trees. The answer was in effect a general denial. In open court defendant admitted responsibility for the fire. The amount of damages was the only issue tried, and the jury returned a verdict in favor of plaintiff for $350. From a judgment in her favor for that sum defendant appeals.

The trial court instructed the jury to the effect that the measure of damages to the trees was the value thereof "with reference to the land in the situation in which they stood prior to the damage, less their value for practical purposes afterwards." Defendant assails this instruction on the ground that it does not correctly state the measure of damages. It is also criticized on the. ground that it authorizes a double recovery. Consideration of this instruction is unnecessary. When given, there was no exception to it in the district court. It was therefore satis-

factory to defendant at the time the case was submitted to the jury, and cannot be urged now as a ground for setting aside an adverse finding.

Complaint is also made of the failure of the trial court to instruct the jury that the measure of damages was the difference in the value of the land before and after the fire, in the event of a finding that the trees were of no value except to increase the selling price or value of the farm. Defendant requested a series of instructions applicable to the rule stated, which the trial court declined to give. The doctrine invoked by defendant and announced in the rejected instructions is not without support in reason and is an established rule in the courts of many jurisdictions, but the instructions requested on this issue and refused by the trial court are not in harmony with the former holdings of this court. *Fremont, E. & M. V. R. Co. v. Crum,* 30 Neb. 70; *Kansas City & O. R. Co. v. Rogers,* 48 Neb. 653; *Missouri P. R. Co. v. Tipton,* 61 Neb. 49; *Alberts v. Husenetter,* 77 Neb. 699. The rule was recently stated as follows: "The measure of damages to growing trees, having no value for purposes of transplanting, is the value of the trees with reference to the land in the situation in which they stood prior to the damage, less their value for practical purposes afterwards." *Union P. R. Co. v. Murphy,* 76 Neb. 545. There is authority for holding that this rule is general in its application to trees destroyed by fire. In *Missouri P. R. Co. v. Tipton,* 61 Neb. 49, this court, in an opinion by Judge Holcomb, said: "We think this court is committed to the doctrine that a recovery may be had under evidence showing the value of fruit trees, shade or ornamental trees, or young growing timber, as they stood as live, growing trees before the injury complained of, and their value, if any, immediately thereafter."

The doctrine applies to artificial groves as well as to natural timber. *Kansas City & O. R. Co. v. Rogers, supra.* Defendant insists, however, that plaintiff's trees were cottonwood of no value except to "increase the selling

price of the land and its value as a farm," and that there was no competent evidence of the value of the timber for any other purpose. This is urged as a distinguishing feature which required the application of the rule stated in the rejected instructions to the effect that the measure of damages was the difference in the value of the land before and after the fire. Defendant showed by its own witnesses that the trees had a value of their own. One witness, after testifying he had counted the trees destroyed, was asked: "What would you say a tree the size of the largest you said was there would be worth for fence posts, standing there?" The answer was: "Be worth about five cents." Another witness who had counted and described the trees was asked, in testifying on behalf of defendant: "What would you say the amount of the injury to that grove was as you found it out there?" To this he answered: "Well, I don't know. I placed the injury right around $50." This same witness testified that, if he were buying the land, he would not make any difference in the price on account of its having been burnt over. Defendant thus disproved the distinguishing feature upon which it relies for the adoption of the rule suggested in the rejected instructions and is bound by its own proof. It follows that the district court did not err in refusing to give the instructions requested by defendant.

Defendant's concluding argument is directed to the point that one of the witnesses for plaintiff did not show himself competent to testify to the value of the trees and assumed a false basis in estimating damages. In substance he testified he had known plaintiff's land, had seen the grove 18 years ago, when it was his father's timber claim, was with his father when the latter was working on the trees, which had been cultivated several years. The land had been purchased by plaintiff four or five years ago, when the grove was in excellent condition. He had trimmed the trees, and cut the brush and dead trees in 1904. The grove had been injured by fire in 1905. He counted 3,500 trees killed by the fire, knew the fair value

of trees like these, when they were burned. The trees were ornamental, furnished shade and posts. He could use them for lots of things. The trees were worth nothing after the fire, and were worth at least 50 cents a tree at the time they were burned. Testimony of this character to establish damage to trees injured by fire has been approved by this court, and there was no prejudicial error in admitting it. *Fremont, E. & M. V. R. Co. v. Crum, supra; Kansas City & O. R. Co. v. Rogers, supra; Alberts v. Husenetter, supra.*

No error appearing in the record, the judgment of the district court is

AFFIRMED.