GEORGE W. ABBOTT, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED MARCH 16, 1911. No. 16,265.

1. Railroads: Fires: Evidence. In an action against a railway company for negligently causing or permitting fire to escape from its locomotives, evidence to the effect that the coal used therein

burned slowly and retained fire for a considerable length of time is relevant and material.

2. ———: ———: ———. In an action of that character, where the particular engine which caused the fire cannot be fully identified, evidence that about the time of the injury sparks and burning coals were frequently discharged from the defendant's engines while they were passing the plaintiff's property upon previous occasions is relevant and competent as tending to show habitual negligence and to make it probable that the plaintiff's injury proceeded from the same quarter; but, if the engine which emitted the fire is fully identified, evidence as to the condition or conduct of other engines is irrelevant and immaterial.

3. ———: ———: ———. In the trial of a case involving the alleged negligent setting out a fire by a railway company, if the charge is general and no attempt is made to compel the pleader to state the particular engine responsible for the fire, and no request is made to require the plaintiff to marshall his evidence so as to develop whether he depends upon proof that a particular engine or an engine which he cannot identify emitted the fire, the court may permit evidence to be received to show that about the time of the injury the defendant's engines while passing near the plaintiff's property frequently emitted sparks and coals of fire which lodged on or about said buildings, or so far distant from the railway track as that property was situated therefrom.

4. Trial: EVIDENCE: OBJECTIONS. In that event, an objection that no proper foundation has been laid for the introduction of the evidence is not sufficient to challenge the trial court's attention to the contention that the plaintiff has not introduced evidence tending to show that an unknown engine caused the fire.

5. Railroads: FIRES: EVIDENCE. "In an action for damages for negligently setting out a fire, the origin of the fire may be proved by circumstantial evidence." *Kearney County v. Chicago, B. & Q. R. Co.*, 76 Neb. 861.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*J. E. Kelby, F. E. Bishop* and *H. F. Rose,* for appellant.

*S. A. Holcomb* and *C. H. Holcomb, contra.*

Root, J.

This is an action to recover damages for the loss of a barn and several outbuildings destroyed by fire, which the plaintiff alleges was negligently kindled by the defendant. The plaintiff prevailed, and the defendant appeals.

There was no error in permitting the plaintiff to prove that Sheridan coal burns slowly and retains fire longer than bituminous coal. The testimony is undisputed that Sheridan coal is a lignite, and is used by the defendant in its locomotives on the division of the railway which includes the station of Broken Bow, where the plaintiff's property was located. These facts, while collateral, tend in some degree to sustain the plaintiff's contention that sparks emitted from the defendant's engine will retain fire while traversing a space equal to that intervening between the railway and the plaintiff's barn. *Blomgren v. Anderson*, 48 Neb. 240; *Farmers State Bank v. Yenney*, 73 Neb. 338; *Fitch v. Martin*, 84 Neb. 745; *Young v. Kinney*, 85 Neb. 131.

The assignment based upon the admission of testimony to the effect that about the time of the fire, and for some months prior thereto, the defendant's engines cast out sparks in the neighborhood of the plaintiff's barn, which were carried a distance equal to or greater than that intervening between said premises and the defendant's main track, presents a more serious question. The rule stated in 2 Shearman and Redfield, Negligence (5th ed.), sec. 675, appeals to us as reasonable: "And when the particular engine which caused the fire cannot be fully identified, evidence that sparks and burning coals were frequently dropped by engines passing on the same road upon other occasions, at or about the time of the fire, before or after, is relevant and competent to show habitual negligence, and to make it probable that the plaintiff's injury proceeded from the same cause." If, however, the engine which emitted the fire is fully identified, then evi-

dence as to the condition of other engines, or that fire escaped therefrom, is irrelevant. In this case the pleader did not charge that any particular engine caused the fire, and no attempt was made by motion to compel him to make the petition more certain. Upon the trial the greater part of this evidence was received before the trial court was informed whether or not the fire was caused by a particular engine. Subsequently it appeared that, if one of the defendant's engines were responsible, it probably was a locomotive attached to an east-bound passenger train, No. 42, or an engine attached to a west-bound freight which left the station immediately after the passenger train departed eastward. No motion was made to compel the plaintiff to marshall his evidence so as to first introduce testimony tending to prove whether a known or an un wn engine caused the fire, nor was any motion made to strike out the testimony after it became evident that the freight engine was probably responsible for the conflagration. The defendant objected to this evidence for the alleged reason that a sufficient foundation had not been laid, but it does not appear that the objection was predicated upon the plaintiff's failure to testify that he did not know and could not prove that a particular engine set out the fire. For all the trial court was advised, counsel was assuming that the witness had not shown himself qualified to testify to the fact that the defendant's engines usually emitted sparks. Upon this theory the objection was properly overruled. We do not think that the trial court erred in receiving the evidence.

Since the verdict is for the plaintiff, we should consider the evidence in the light most favorable to him. The plaintiff's barn was south of the defendant's right of way, which extends east and west, and was 135 feet from the nearest track and about 200 feet from the main track. The fire was discovered about 2 o'clock P. M. About 1 o'clock Mrs. Abbott went to the barn to search for eggs, and she says no other person was in the building nor was there any fire therein at that time, and no one had occasion to

go there till after the fire. At 1 : 45 P. M. the defendant's freight train departed from the station. For some time prior thereto the engine had been used in the yards for local work, which would permit it to come within 135 feet of the barn, and a strong wind was blowing from the west and northwest. There were no doors or windows on the northern side of the barn, but the shingles were warped and loosened by the heat and prevailing drought, so that openings between them would easily admit sparks and cinders. The fire evidently was kindled in the haymow on the north side of the barn. All of these facts, considered in connection with the quality of coal consumed in the defendant's engines, and the further fact that there is no other reasonable explanation for the fire, tend to prove the plaintiff's contention. The defendant did not produce any member of either train crew, and we have no proof that the engines were carefully and prudently managed and controlled. There is therefore sufficient evidence to sustain the verdict. *Burlington & M. R. R. Co. v. Westover*, 4 Neb. 268; *Union P. R. Co. v. Keller*, 36 Neb. 189; *Rogers v. Kansas City & O. R. Co.*, 52 Neb. 86; *Kearney County v. Chicago, B. & Q. R. Co.*, 76 Neb. 861. The defendant's contention that the fire originated from another source was submitted to the jury, and their verdict is sustained by the evidence on this issue. The instructions are fair, the recovery is not excessive, and we find no error prejudicial to the defendant.

The judgment of the district court therefore is

AFFIRMED.

LETTON, J., not sitting.