ALBERT W. BRADLEY, APPELLANT, V. CHICAGO, BURLING- TON & QUINCY RAILWAY COMPANY, APPELLEE.

FILED OCTOBER 6, 1911. No. 16,471.

1. **Appeal: INSTRUCTIONS.** If a defeated litigant tendered no requests to instruct the jury, a failure by the trial court to include in its charge some principle of law proper to have been mentioned will not justify reversing the case, where the issues are stated and the charge contains no prejudicial misstatements of law.

2. **Railroads: FIRES: EQUIPMENT.** It is the duty of a railroad com- pany to equip its locomotive engines with such appliances for the control of sparks as the progress of science and improve- ment demonstrate are the best for that purpose, and which are generally known, or should be known, by those in control of the construction and repair of its engines.

3. ———: ———: **INSTRUCTIONS: NEGLIGENCE.** The plaintiff, in an action against a railroad company to recover damages for an alleged negligent setting out of a fire, has no just ground for complaint because the trial court instructed the jury that the carrier was not guilty of negligence in using lignite coal as a fuel, unless thereby the hazard of fire was so materially in- creased that a reasonably prudent man would not ordinarily have used the coal for that purpose.

4. ———: ———: **EXCLUSION OF EVIDENCE.** In an action for negli- gently setting out a fire, where the particular engine from which the fire escaped is fully identified, it is not error for the court to exclude evidence that on other occasions fire escaped from the defendant's other engines.

5. **Appeal: INSTRUCTIONS.** Where, upon a consideration of the en- tire record, it is evident that the defendant was not liable, a ver- dict in its favor should not be disturbed because the instructions in immaterial matters do not accurately state the law.

APPEAL from the district court for Adams county:. HARRY S. DUNGAN, JUDGE. *Affirmed.*

*R. A. Batty, T. A. Hollister* and *H. F. Favinger,* for appellant.

*James E. Kelby* and *Frank E. Bishop, contra.*

ROOT, J.

This is an action for damages for the destruction of the plaintiff's barn by a fire kindled, as alleged, by reason of the defendant's negligence. The defendant prevailed, and the plaintiff appeals.

There is practically no conflict in the evidence. The plaintiff principally complains that the instructions are erroneous. Since the plaintiff did not assist the trial court by requests to charge, the instructions should be sustained, unless, when considered together, they are prejudicially erroneous.'

The fourth subdivision of the second paragraph of the charge is criticised because the jurors were not told that the defendant was required to equip its locomotive engines "with the best-known appliances for the prevention of the escape of fire." No such burden is by law imposed upon the defendant. If, at the time the fire escaped from the engine, the locomotive was equipped with the best or most improved appliances that were known, or that should have been known, by the defendant, and in general practical use under such circumstances as surrounded the particular locomotive, and these appliances were in good repair, the defendant was not guilty of negligence in the matter of that equipment. *Spaulding v. Chicago & N. W. R. Co.,* 30 Wis. 110; *Hagan v. Chicago, D. & C. G. T. J. R. Co.,* 86 Mich. 615; *Southern R. Co. v. Thompson,* 129 Ga. 367. The evidence is uncontradicted that at the time the plaintiff's barn was destroyed the locomotive was thus equipped. The assignment must, therefore, be overruled.

Instructions numbered 3 and 4, which relate to con· tributory negligence, are assailed as not applicable to the evidence. If these instructions were in no manner aided by other parts of the charge, the plaintiff might have cause for complaint; but in the tenth paragraph the jurors were told that contributory negligence could not be predi-- cated upon the plaintiff's proper use of his property, nor was he required to take unusual precautions to protect it; and in the eleventh paragraph the jury were told in precise language that, although the plaintiff failed to use ordinary care to protect his property, · he might recover if it "was destroyed as the result of the negligence and carelessness of the defendant company." So, while there seems to be some confusion in the instructions on this subject, and the evidence tending to prove contributory negligence is slight indeed, we do not believe the jury were misled by these instructions.

Instruction numbered 6 is criticised. It informed the the jury that the defendant should not be held negligent in using lignite coal for fuel in its locomotive engines, unless that use so materially increased the hazard of fire that a reasonably prudent man would not ordinarily have used the fuel. We find no allegation in the petition that the defendant was negligent in using lignite coal; but evidence was received without objection on this point, and it may be considered as an issue tried by the parties. Without deciding whether the plaintiff might predicate a right of recovery upon the particular kind of fuel con- sumed in the locomotive engine, we are of opinion that in any event the instruction is as radical as the plaintiff had a right to demand. *Raleigh Hosiery Co. v. Raleigh & G. R. Co.*, 131 N. Car. 238, 42 S. E. 602.

The district court was right in excluding evidence tending to prove that on other occasions sparks emitted from the defendant's locomotive engines kindled fires in the town of Juniata. The evidence definitely identified the particular locomotive responsible for the fire, if it was caused by sparks emitted from the defendant's engine,

· and the evidence was properly confined to the condition of that machine. *Abbott v. Chicago, B. & Q. R. Co.*, 88 Neb. 727.

The plaintiff's brief contained an admission that the · spark arrestors in the defendant's locomotive were in no manner defective. The evidence is uncontradicted that none better were then in use and known to those in charge of the construction and repair of the defendant's engines, and there is no evidence tending to prove that those offi· cials should have known of superior devices for that purpose. The evidence is also uncontradicted that there was nothing unusual in the management of the locomotive at the time the fire was set out. The engineer and fireman were skilled mechanics, accustomed to the particular run, and exercised care in controlling the engine and the fire therein. If it be conceded that the defendant's witnesses told the truth, and we detect nothing unreasonable or improbable in their testimony, the defendant was not liable for the destruction of the plaintiff's property. We do not approve all of the court's charge, but we are convinced there is nothing therein that could have misled the jury.

Finding no error prejudicial to the plaintiff, the judgment of the district court is

AFFIRMED.