## THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. JEREMIAH GIBSON.

DAMAGES *Caused by Fire—Evidence—Burden of Proof*. In actions against railroad companies for damages caused by fire, under § 101, ch. 84, Comp. Laws of 1885, it is only necessary for the plaintiff to establish the fact that the fire complained of was caused by the operation of the road, and the amount of damages; and when it appears from the evidence that within a very few minutes after a train passed the fire originated that caused the damages, in two or three places, close to the track, this evidence was sufficient to cast upon the railroad company the burden of showing that it was not the result of defective appliances, or of negligence of the employés of the company, that the fire escaped.

### *Error from Elk District Court.*

ACTION to recover damages caused by fire. Trial at the May term, 1887, Hon. L. SCOTT, judge *pro tem.*, presiding; verdict and judgment for $200 damages for plaintiff *Gibson*. The defendant *Railroad Company* brings the case here. The opinion states the facts.

*W. P. Hackney,* for plaintiff in error.

*A. M. Jackson,* for defendant in error.

Opinion by SIMPSON, C.: This action was commenced in the district court of Elk county, to recover from the railroad company damages caused by a fire alleged to have been set out by the railroad company in the operation of its trains. The case was tried by a jury, and a verdict returned for $200 damages; and the special interrogatories submitted were answered as follows:

"1. What was the railroad known and called from which the fire started? *Ans.:* Atchison, Topeka & Santa Fé."

"3. What railroad company was operating that road at the time the firing was done? A. Atchison, Topeka & Santa Fé."

"5. Was the person in charge of said engine guilty of either carelessness or negligence? A. Yes.

"6. Was the engine of the most improved invention and construction to prevent the escape of fire therefrom? A. Supposed to be.

"7. Was the engine in good condition as far as the escape of fire is concerned? A. Doubtful."

"9. How was the fire started? A. From the engine.

"10. From what cause did it start? A. Carelessness of engineer and fireman; one or both.

"11. Who was to blame for the fire, and in what does the blame consist? A. Carelessness of engineer and fireman; one or both.

"12. Was the defendant guilty of any negligence or carelessness in starting the fire? A. Yes.

"13. If you in answer to interrogatory 12 say yes, then tell how and in what manner that negligence and carelessness consisted; state it fully as shown by the evidence. A. Carelessness consisted in scattering fire along the track, as shown by the evidence of Mr. Black, that the fire originated in several places along the said road-track.

"14. Was the engine defective in any way? A. No, not as shown by the evidence."

All exceptions were saved, a motion for a new trial made and overruled, and exceptions saved on this ruling. The specific complaints contained in the brief of counsel for plaintiff

in error that demand serious consideration are, first, the trial court overruled a demurrer to the evidence of the plaintiff below, and it is insisted that this ruling was erroneous because "there was no legal evidence introduced by the plaintiff to show that this defendant was the owner of the railroad, or that it had leased it, or that the engine and cars which it was claimed set out the fire belonged to or were employed by it."

I. The action was brought against the Atchison, Topeka & Santa Fé Railroad Company.    The petition charged that the said railroad company was controlling and operating a line of railroad in and through Elk county known as the Chicago, Kansas & Western Railroad; and that the defendant railroad company did use an engine on said line in said county in such a condition that it was wholly unsafe.    The plaintiff below proved on the trial, by the agent of the Atchison, Topeka & Santa Fé Railroad Company stationed at Howard, in said county, that he was in the employ of that company, and was paid by it; that he had been the agent at that station for four years.    He then stated the line of road, showing that it ran past the locality of the fire — and that was the only line of road that did.    The locality of the fire and the line of the defendant railroad company were testified to by three or four other witnesses.    The evidence of the plaintiff below made a strong *prima facie* case.    Even if this were not so, every deposition taken by the railroad company and read in its behalf on the trial fixed the liability (if any) on the Atchison, Topeka & Santa Fé Railroad Company; so that if there was a failure of proof originally, it was supplied by the depositions.    There was no error in overruling the demurrer to the evidence, in any view that can be taken from this record.    It is immaterial what the name of the local road is or was, it being abundantly and satisfactorily shown that it was operated by the plaintiff in error.

II. Complaint is made because it is alleged that there was no evidence tending to show that the fire originated from the engine drawing the train.    There was the evidence of three or four witnesses to the effect that within a very few minutes

after the train passed a fire started very close to the track, within two to four feet of it, and that the fire caught in several different places along the track. In the absence of all testimony tending to show in the slightest degree some other origin of the fire, it may be fairly said that the most timid mental operation applied to this state of facts would eventually reach the same conclusion the jury did. It is true that there was some very positive evidence on behalf of the railroad company that the fire was not occasioned by the negligence of its employés; but we will not weigh it, with all the other evidence, and the accompanying circumstances that "speak so strongly," as it is in the province of the jury and the trial court to do that.

III. We do not think there is any prejudicial error in the ruling of the court in admitting evidence on behalf of the plaintiff below, or excluding that offered by the plaintiff in error. If it had all been admitted, the result could not have been changed.

IV. Lastly, the instructions are complained of, those that were given, as well as the refusal to give those that were offered by the plaintiff in error. Of the latter class, our particular attention is called to instructions Nos. 1, 2, 7, and 9.

No. 1 "instructs the jury that the plaintiff had failed to make out a case against the defendant by his evidence, and they must elect a foreman and return a verdict for the defendant." This was very properly refused, because from this record there was a case made out of liability on the part of the defendant for the damages resulting from this fire.

No. 2 is to the effect "That the plaintiff must prove his case by a preponderance of the evidence, and to do this he must show that the fire was set out by the engine of the defendant, and that said engine was defective in construction, out of repair, or carelessness on the part of the person operating the same, whereby the fire was allowed to escape therefrom." All the law requires is for the plaintiff to show that the fire resulted from the operation of the railroad. It might be caused from sparks from the engine, or it might be caused

from ashes thrown out by the fireman, or in many other ways. A land-owner can never determine the exact manner in which the fire that does him damage originated, and hence the reason of the legislation in 1885. This instruction, mingling some good law with some that was bad, was properly rejected.

The 7th instruction was to the effect "That before the plaintiff can recover in this case, the jury must believe from the evidence that the railroad from whence the fire started was on the date the fire was started, known as the Chicago, Kansas & Western Railroad, and that the Atchison, Topeka & Santa Fé Railroad Company was then controlling and operating it; and unless the evidence shows both of these propositions to be true, you must find for the defendant." In view of what we have already said on the demurrer to the evidence, it is not necessary to further comment on this instruction, except to say that we cannot conceive of any state of facts in connection with this record in which the trial court would have been justified in giving the last sentence in this instruction.

The 9th instruction is to the effect that "if the engine of the defendant was in a safe condition at the time the fire was set out, then the plaintiff cannot recover under his petition in this case." This is founded upon the most strict construction of the allegations of the petition, and it must be confessed that it is not a very artistic pleading; and yet it would be doing violence to the essence of things to hold that the allegations of the petition were confined to a defective engine. While it is so alleged, yet it is followed by another allegation, that the damages were the result "of the gross neglect and gross negligence of the employés of the company, by allowing fire to escape from the engine." We think there is no material error in the refusal to give this instruction. Now the instructions given are denounced by general phrases, but no specific objection is pointed out, nor objectionable statement mentioned, and hence we do not feel called upon to critically examine each one and pass upon them, but can say that they fairly embody the law of this case, as influenced and controlled by the legislation of 1885.

The last complaint is about the answers of the jury to the special interrogatories submitted. We do not regard them as so inharmonious with each other or so inconsistent with the general verdict as to come within any of the cases decided by this court, so as to compel a new trial. Two of them are rather indefinite, but this should have been remedied at the time they were returned into court, by an application to the court for that purpose. The answers, taken and considered all together, find that the Atchison, Topeka & Santa Fé Railroad Company was operating this line of railroad at the time the firing was done; that the person in charge of the engine was guilty of either carelessness or negligence; that the engine was supposed to be of the most improved invention and construction to prevent the escape of fire therefrom; that it was doubtful if it was in good condition; that the fire started from the engine; that the carelessness of the engineer or fireman, or both, caused the fire to start; that the carelessness consisted in scattering fire along the track; that the evidence does not show that the engine was defective in any way.

From these answers there was no escape by the company from liability, and the verdict against the company naturally follows. There was some evidence to sustain the answer to every question submitted. In this state of the record we can do nothing but recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.