The Louisville, New Albany and Chicago Railway Company *v.* Balch.

Filed March 18, 1890.

| 122 | 583 |
| 125 | 354 |
| 125 | 454 |
| 126 | 320 |

------

## No. 14,426.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* BALCH.

VERDICT.— *When will not be Disturbed.*—Where circumstances are proved authorizing an inference in favor of a plaintiff, it is proper for a jury to draw it, and their verdict can not be disturbed.

SAME.—*Special.—Must be Treated as an Entirety.*—A special verdict is not to be dealt with in disconnected fragments, but is to be treated as an entirety.

From the Clinton Circuit Court.

The Louisville, New Albany and Chicago Railway Company *v.* Balch.

*G. W. Friedley. S. O. Bayless, C. G. Guenther* and *E. C. Field,* for appellant.

*J. V. Kent* and *O. E. Brumbaugh,* for appellee.

ELLIOTT, J.—This case is here for the second time. *Louisville, etc., R. W. Co.* v. *Balch,* 105 Ind. 93.

Witnesses were permitted to give their opinions as to the value of some of the property involved in this controversy, and this it is contended was erroneous, for the reason that the evidence does not show that it belonged to the appellee. We can not concur with counsel that there was not evidence showing that the plaintiff was the owner of the property. There was unquestionably evidence authorizing the inference that the property belonged to the plaintiff, and this was sufficient. It is not necessary to establish a fact by direct evidence, for it may be proved by circumstances. If circumstances are proved authorizing an inference in favor of a plaintiff it is proper for the jury to draw it, and their verdict can not be disturbed. *Indianapolis, etc., R. R. Co.* v. *Collingwood,* 71 Ind. 476 ; *Heaton* v. *Shanklin,* 115 Ind. 595, and cases cited.

The jury find that the property in controversy was owned by the plaintiff, and this finding is not inconsistent with any of the other specifications of the special verdict, and it is, therefore, not correctly assumed that the plaintiff can not have judgment because it does not appear that he was the owner of the property.

It is a mistake to suppose that a special verdict is to be dealt with in disconnected fragments, for it is the rule of law, as well as of logic, that an instrument is to be taken as an entirety. Taking, as we must, the verdict as an entirety there can be no doubt that the plaintiff was entitled to judgment upon it.

We can not disturb the verdict upon the evidence.

Judgment affirmed.

Filed Jan. 17, 1890; petition for a rehearing overruled March 18, 1890.