THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY v. CHARLES PERRY.

No. 12,800.   (70 Pac. 876.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury by Fire—Circumstantial Evidence.* The fact that soon after the passing of an engine a fire starts near a railway-track in an enclosed field covered at the time with a growth of highly inflammable vegetation, and travels before a high wind in a direction away from the track, is sufficient to warrant a jury in finding that the fire was caused by the operation of the railroad, without its appearing that the engine emitted sparks or live cinders or was put to special exertion, and without further proof excluding other possible origins.

2. —————— *Measure of Damages.* In an action for damages for the injury and destruction of fruit-trees in an orchard and a hedge forming a fence, an instruction that the measure of plaintiff's recovery is the amount and value of the damage to the thing injured, and the value of the thing destroyed as an appurtenance to, and part of, the realty, is proper.

Error from Bourbon district court; W. L. SIMONS, judge. Opinion filed December 6, 1902. Affirmed.

*Pratt, Dana & Black,* for plaintiff in error.

*John H. Crain,* and *W. R. Biddle,* for defendant in error.

The opinion of the court was delivered by

BURCH, J. :  Charles Perry brought suit against the Kansas City, Fort Scott & Memphis Railroad Company in the district court of Bourbon county to recover damages resulting from two fires claimed to have been occasioned by the operation of the railroad company's trains. The first fire occurred November 17, 1898, and the second fire October 9, 1899.  The testimony disclosed that each fire started near the outside of the railroad company's right of way, and at all events not more than sixty-one feet from the center of the track. Both fires started in an enclosed cultivated field, and each time the ground was covered with very dry, combustible vegetation.  In each case a considerable wind was blowing and the course of the fire was away from the railroad-track.   One fire traveled at about the speed of a horse and the other as fast as a man could run.   In each case the tenant of the farm discovered the fire from the smoke driving from the field toward the farmhouse.   One fire was discovered a minute or two after a passenger-train had gone by, and the other a few minutes after a freight-train had passed, the freight-train having been preceded by a passenger-train.   No other facts were adduced in evidence relating to the origin of the fires, and the question for determination is the sufficiency of the evidence produced to support a verdict against the railroad company.

It is contended by counsel for the railroad company that since there was no evidence at all that either train threw sparks or live cinders, or emitted smoke, or was

put to special exertion, and no further evidence than that stated above of the non-existence of any other adequate cause, the fact was not established that the fires complained of were caused by the operation of the railroad, under section 5923, General Statutes of 1901. There is no disposition to question the rule that, in the absence of positive proof of the means of ignition, a full conviction of the fact may be generated by circumstances. (*A. T. & Santa Fe Rld. Co. v. Bales*, 16 Kan. 252; *Railroad Co. v. Matthews*, 58 id. 447, 49 Pac. 602.) But it is argued that, to establish the relation of cause and effect between the passing of the trains and the fires in question, the jury must have invaded the realm of sheer conjecture and guess.

It is true that the origin of the fires must rest upon proof and not upon possibility; but it is not true, as stated in *Musselwhite v. The Receivers*, 4 Hughes, 166, Fed. Cas. No. 9972, that the test of the value of circumstantial evidence in cases of this character is that no other theory but the hypothesis upon which the conclusion is based can be formed. If the circumstances present a reasonably adequate cause, they will be sufficient to go to the jury, even though some other cause which may be suggested may not be excluded.

In discussing the probative force of circumstantial evidence, Professor Greenleaf says: "In civil cases it is sufficient if the evidence on the whole agrees with and supports the hypothesis which it is adduced to prove." (Greenl. Ev. § 13a.) In *The Louisville, New Albany and Chicago Railway Company v. Balch*, 122 Ind. 583, 23 N. E. 1142, the rule was stated as follows: "If circumstances are proved authorizing an inference in favor of a plaintiff, it is proper for the jury to draw it, and their verdict cannot be dis-

turbed." See, also, *Railroad Co. v. Matthews*, supra. Can it be said, then, that the conclusion of the jury from the facts before them was legitimate ? Courts of sound judgment have so decided.

In the case of *Smith v. London & S. W. Ry. Co.*, determined in the exchequer chamber, 6 L. R. C. P. 14, the facts bore considerable similarity to those involved in this case, and, as set forth in the head-note of the report, were as follows :

"Workmen employed by the defendants, a railway company, after cutting the grass and trimming the hedges bordering the railway, placed the trimmings in heaps between the hedge and the line, and allowed them to remain there fourteen days during very hot weather, which had continued for some weeks. A fire broke out between the hedge and the rails and burnt some of the heaps of trimmings and the hedge, and spread to a stubble-field beyond, and was thence carried by a high wind across the stubble-field and over a road, and burnt the plaintiff's cottage, which was situated about 200 yards from the place where the fire broke out. There was evidence that an engine belonging to the defendants had passed the spot shortly before the fire was first seen, but no evidence that the engine had emitted any sparks, nor any further evidence that the fire had originated from the engine, nor was there any evidence that the fire began in the heaps of trimmings and not on the parched ground around them."

Upon the argument it was suggested :

"There were many other ways in which it may have begun which are equally consistent with the evidence. Thus, a fusee may have been thrown from a window of one of the carriages of the train, or one of their workmen on the line may have dropped a spark from his pipe. Where the evidence is equally consistent with the view that the defendants were liable, and that they were not, there is no evidence to go to the jury."

To which Channell, B., replied:

"But here the two causes of the fire that are suggested, viz., the engine and the pipe or cigar, are not of equal probability, and there was evidence for the jury, therefore, that the fire was caused by the more probable of the two alleged causes."

It was, therefore, held:

"That it being a matter of common knowledge that engines do emit sparks, there was evidence for the jury that the fire originated in sparks from the engine that had just passed."

Likewise the supreme court of Iowa, in *Johnson v. The Chicago & N. W. Ry. Co.*, 77 Iowa, 666, 42 N. W. 512, held;

"Where the evidence showed that after defendant's engines had passed the fires were discovered in the grass, and it was not shown that they could have arisen from any other source, the jury was warranted in finding that they were caused by the engines."

In Wisconsin the question was determined in *Abbott and another v. Gore*, 74 Wis. 509, 43 N. W. 365, as follows:

"The fact that an engine passed shortly before a fire was discovered on or near the right of way is some evidence tending to show, in the absence of proof of any other cause, that such engine set the fire, notwithstanding it was in good order and properly managed."

In the case of *Richmond v. McNeill*, 31 Ore. 342, 49 Pac. 879, the syllabus reads:

"Evidence tending to show that a railway company negligently left along its track combustible material, which was discovered to be on fire soon after the passing of a train, and plaintiff thereby suffered damage, raises an inference that the fire was caused by sparks from the engine, which the company must rebut."

Other cases illustrating the method of induction involved may be found in the American and English Encyclopedia of Law (second edition), volume 13, page 513. See, also, *A. T. & S. F. Rld. Co. v. Gibson*, 42 Kan. 34, 21 Pac. 788.

In the case at bar, given the place of origin in a field devoted to the production of farm crops and near to the railroad-track, the inflammable character of the growth upon the soil, the close proximity in time of the passing of the train and the fire, the well-known fury of the forces in the locomotive, and the strength and direction of the wind, and no scientific or juridical process of thought could be violated in any way by inferring that the operation of the train caused the fire. The verdict of the jury, therefore, was fully warranted by the evidence.

Some complaint is made that in the proof of the origin of the first fire the only witness who was present on the premises at the time referred to the passing of the train as occurring "about" the time he discovered the fire. His narrative of all the facts and his description of the progress of events clearly showed, however, that the fire could not have been burning in the field before the train went by, and the evidence was sufficient to sustain the verdict in this respect.

A part of the property injured and destroyed consisted of fruit-trees in an orchard and a hedge forming a fence. The court instructed the jury that the measure of plaintiff's recovery was "the amount and value of the damage to the thing injured, and the value of the thing destroyed, as an appurtenance to the part of the realty." Property of this character has a distinct value of its own as part of the land, and was so esteemed in all the testimony relating to dam-

age.   Since evidence of this character was properly admissible under the decisions of this court (*Railway Co. v. Lycan*, 57 Kan. 635, 47 Pac. 526; *Railway Co. v. Arthurs*, 63 id. 404, 65 Pac. 651), it must follow that an instruction based upon such evidence was entirely proper.

No error appearing in the record, the judgment is affirmed.

All the Justices concurring.