THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY
v. S. A. NOLAND.

No. 14,907   (90 Pac. 273.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury by Fire—Sufficiency of Evidence.* Evidence examined and found to be sufficient to require the submission thereof to the jury.

2. ———— *Origin of Fire—Circumstantial Evidence.* Where a fire starts upon a right of way belonging to a railway company soon after a train has passed the point where the fire started, whether the fire originated from the locomotive engine of such train or not is a question of fact, which may be determined from circumstantial evidence.

3. JUDGMENTS—*Joint Tort-feasors.* Where two railway companies are jointly charged with negligently setting out a fire, judgment may properly be entered against either, or both, as may be proper under the evidence.

4. DAMAGES—*Injury by Fire.* Where a railway company negligently sets out a fire which destroys an orchard of fruit-trees it is proper in estimating the damages sustained thereby to show the value of the trees destroyed independently of their relation to the freehold, and also the value of the farm before and after the fire; and the evidence so given should all be submitted to, and considered by, the jury.

5. PRACTICE, DISTRICT COURT—*Instructions—Request.* When it is desired to have particular questions of law presented to the jury a written request should be made to the court so to instruct.

6. EVIDENCE—*Expert—Equipment and Operation of Engines—Fire.* In an action to recover damages from a railway company on account of a fire which has been negligently set out by one of its locomotive engines it will not be deemed erroneous for the court to permit the plaintiff to show by hypothetical questions propounded to experts that a locomotive engine will not set out a fire when properly equipped and carefully operated.

Error from Miami district court; WINFIELD H. SHELDON, judge.   Opinion filed May 11, 1907.   Affirmed.

*L. F. Parker, E. J. Sheldon,* and *I. P. Dana,* for plaintiff in error.

*Frank M. Sheridan,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This is an action to recover damages sustained on account of a fire alleged to have been set out by the plaintiff in error. Judgment was given for the plaintiff in the district court of Miami county, and the railroad company brings the case here for review.

The plaintiff, S. A. Noland, resides on a farm two and a half miles north of Paola, in Miami county. On this farm he had an orchard. On November 15, 1904, a fire occurred in the orchard, killing about eighty trees. This action was then brought against the plaintiff in error and the Missouri, Kansas & Texas Railway Company. No evidence having been presented against the latter company, the court directed a verdict in its favor, which was returned by the jury.

The plaintiff in error complains of the judgment against it for several reasons: First, because the court refused to direct a verdict for it; second, because the court erred in entering judgment in favor of the plaintiff. These objections rest practically upon the same grounds and may be considered together.

It is contended that there is no evidence showing that Noland owned the premises described in the petition. We think there is some evidence upon this subject. F. S. Hazleton, deputy county surveyor, made a survey and plat of the railroad track on the Noland farm which shows that the orchard was located on the northeast quarter of section 28, township 16, range 23, being the land described in the petition as the land owned by S. A. Noland. This plat is a part of the evidence in the case. Aside from this, several witnesses described the orchard and premises as the orchard on Noland's farm which was burned November 15, 1904. It does not appear that Noland owned any other farm upon

which an orchard was destroyed by fire on that date. In the absence of any other testimony this identification is sufficient.

It is further claimed that the evidence fails to show that the fire originated from plaintiff in error's engine. It appears from the evidence quite clearly, however, that a heavy freight-train operated by plaintiff in error passed the orchard about the time the fire started. The train left Paola, two miles and a half away, at 12:50 P. M., and the fire started on the right of way near the track at about one o'clock P. M. There is no other cause suggested and nothing appears to indicate that the fire might have originated in any other manner. Upon this evidence the jury found that plaintiff in error's engine started the fire, and we cannot say there is no evidence upon which to base such finding. The origin of a fire may, like any other fact, be inferred from circumstances; direct proof is more satisfactory, but not essential. (*Railroad Co. v. Perry,* 65 Kan. 792, 70 Pac. 876; *Railroad Co. v. Blaker,* 68 Kan. 244, 75 Pac. 71, 64 L. R. A. 81.)

It is further contended that as the two railroad companies were sued jointly the plaintiff must prevail as against both or not at all. We do not so understand the law. Whatever may be the rule in actions *ex contractu,* in actions *ex delicto* the plaintiff may join any or all of the tort-feasors as defendants. (2 Bouv. Law Dic. 16; 11 Encyc. Pl. & Pr. 852; 15 Encyc. Pl. & Pr. 583; 6 Thomp. Neg. § 7435, where many cases are cited in support of the text.)

Upon the question of damages, evidence was presented showing the value of the trees destroyed independently of their value to the freehold, and also the value of the farm before and after the fire. The court in an instruction, of which plaintiff in error complains, told the jury that in determining the amount of damages sustained the evidence introduced upon both methods should be considered. The objection to this in-

struction is not so much on account of what it states as for what it omits to say. It is urged that the court should have gone further, by stating that the verdict could not, in any event, exceed the difference in the value of the farm before and after the fire. The instruction as given is correct, and in harmony with the former decisions of this court. (*Railway Co. v. Lycan*, 57 Kan. 635, 47 Pac. 526; *Railroad Co. v. Perry*, 65 Kan. 792, 70 Pac. 876; *Railway Co. v. Geiser*, 68 Kan. 281, 75 Pac. 68.) It does not appear that the attention of the court was called to this question, either at the trial or by the motion for a new trial, nor is it covered by the petition in error. When it is desired to have a particular question presented to the jury the court should be requested so to do. (*Douglass v. Geiler*, 32 Kan. 499, 4 Pac. 1039.)

The plaintiff, evidently for the purpose of making some affirmative proof that plaintiff in error was guilty of negligence at the time the fire was set out, produced experts and by hypothetical questions propounded to them elicited evidence tending to show that fire will not escape from a locomotive engine properly equipped and carefully operated. The objection is made that as there was no evidence of fire escaping from the engine this evidence was immaterial and erroneous. The evidence was probably unnecessary, in view of the statutory provision which makes the escape of fire from a locomotive engine *prima facie* evidence of negligence, but we are unable to say that its admission was erroneous. The plaintiff might properly anticipate that the jury would find that the fire originated from the engine, in which case this evidence might be considered upon the question of negligence in permitting the fire to escape.

The judgment is affirmed.