THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY
COMPANY v. J. A. MOSHER.
No. 15,146.   (92 Pac. 554.)
THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY
COMPANY v. J. A. MOSHER.
No. 15,525.
SYLLABUS BY THE COURT.

1. EVIDENCE—*Expert Testimony—Effect of Fire on Trees.* In
an action to recover damages for the injury and destruction
of trees and hedges by fire, alleged to have been negligently
started in the operation of a railroad, a witness who has had
experience with trees and hedges and has observed the effect
of fire upon them, and is shown to be qualified, may testify
as an expert and give his opinion as to the effect of fire upon
trees and hedges.

2. ——— *Damages—Value of Trees as a Part of the Land.* In
showing the extent of the loss caused by the burning of
growing trees and hedges testimony of the value of such
trees and hedges as a part of the land is admissible.

3. PRACTICE, DISTRICT COURT—*Application for a New Trial—
Newly Discovered Evidence.* Where an application is made
for a new trial after the term at which the verdict and judg-
ment were rendered, under section 310 of the civil code (Gen.
Stat. 1901, § 4758), the court, in deciding upon the applica-
tion, may consider not only the newly discovered evidence
produced but also the evidence pertinent to the subject which
was introduced on the original trial before the jury.

4. PRACTICE, SUPREME COURT—*Review of Ruling Denying a New
Trial—Record.* To secure a review in the supreme court of
the ruling refusing a new trial there should be incorporated
in the record all of the evidence upon which the trial court
acted, including that given upon the question in the original
trial.

5. ——— *Record in Original Case Not Available.* In a proceed-
ing in error to review such ruling the supreme court cannot
examine or consider the evidence or other matters in an
earlier proceeding in error, although such prior proceeding
had been brought to review the judgment rendered in the
original case.

Error from Republic district court; WILLIAM T.
DILLON, judge. Opinion filed November 9, 1907. Af-
firmed.

*M. A. Low, Paul E. Walker,* and *F. L. Martin,* for plaintiff in error.

*Hugh Alexander,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The purpose of the main proceeding is to procure a reversal of a final judgment for $1225.12 recovered by J. A. Mosher against the Chicago, Rock Island & Pacific Railway Company for the alleged negligent burning of fruit and forest trees, hedges, grass, fodder, lumber, posts, and a wagon. The railroad runs diagonally through Mosher's farm, on which there were growing many fruit and forest trees. On November 15, 1905, a fire, which started on the right of way shortly after the passing of a train, ran through Mosher's orchard and fields, burning trees and other property. There were several grounds of negligence charged in the petition, but the jury found that the negligence of the railroad company, which caused the loss, consisted in its failure to keep its right of way clean and clear of combustible material, which finding was based upon the allegation that the company had carelessly allowed dead and dry grass, weeds and other combustible material to accumulate and remain on its right of way; that the fire escaped from its locomotive and ignited combustible material on the right of way, and thence spread and burned continuously to the plaintiff's land, destroying his trees and other property. The answer was a general denial, and an averment that the plaintiff was guilty of contributory negligence in allowing dry grass and weeds to accumulate on his premises, thus inviting and facilitating the spread of the fire and the destruction of his property.

The first complaint here is that Mosher, who was a witness for himself, was permitted, over objection, to give his opinion as to the result of the fire upon his trees and to answer that the effect was to kill them.

Later he was asked to state the result to a living tree if a fire burned it enough to heat the sap. He answered: "It kills it. It will string along sometimes and leave out and string along for a year or two, but it finally dies. It might just as well be taken up and got out of the way." It is insisted that the effect of fire on trees is not a question of science or skill or one which is the subject of opinion evidence. The trees, it appears, were only partially consumed by the fire. Some of them were burned much more than others. The effect of a partial burning on the life and growth of a tree involves peculiar knowledge and experience. Those who have had experience in growing trees and have observed the injury to trees resulting from a running fire through an orchard or nursery and the extent which they may be burned and still live, and also the effect if the sap of trees is heated with fire, are competent to give an opinion as to the effect of fire upon trees, and any one having experience and knowledge of this character is an expert. It cannot be assumed that jurors are qualified, either by experience or observation, to form an opinion as to the extent of the injury resulting from a partial burning of trees. Mosher was shown to have had not only experience in growing forest and fruit trees and hedges, but he had had much experience with burned trees and hedges, and had observed the effect which fire had upon them. In an Iowa case, brought to recover damages for the burning of a hedge and meadow, the plaintiff, who had had experience with hedges and observed the effect of fire upon them, was not permitted to answer whether a fire would kill a green hedge like the one involved in that case. The supreme court held it to be error, saying: "All jurors cannot be supposed to know the effect of fire on growing Osage orange hedges, and it was proper to show this by one experienced in that line." (*Swanson v. K. & W. Ry. Co.*, 116 Iowa, 304, 310, 89 N. W. 1088.)

Exception is also taken to the admission of testimony in regard to the value of the trees as a part of the farm, and it is contended that the evidence should have been confined to the market value of the trees or to how much the injury diminished the market value of the farm. It appears that the trees growing in Mosher's orchard and burned had no market value, but witnesses who appeared to be qualified testified to the value of such trees growing upon and as a part of the land. This character of testimony has been frequently received and its admission approved. In *Railway Co. v. Lycan,* 57 Kan. 635, 47 Pac. 526, where the burning of fruit and forest trees was in contest, testimony of a similar kind was admitted. The court sanctioned the rule, saying:

"Where a particular thing attached to the soil, and, therefore, a part of the realty, but which has a distinct value as such, susceptible of definite measurement, is injured or destroyed, the evidence in an action to recover damages therefor may properly be directed to the value of such specific thing as a part of the land, and, in actions of this kind, is ordinarily the best and most satisfactory evidence." (Syllabus.)

(See, also, *Railway Co. v. Arthurs,* 63 Kan. 404, 65 Pac. 651; *Railroad Co. v. Perry,* 65 Kan. 792, 70 Pac. 876; *Railway Co. v. Geiser,* 68 Kan. 281, 75 Pac. 68; *Railroad Co. v. Noland,* 75 Kan. 691, 90 Pac. 273; *Railroad Co. v. Owens,* 6 Kan. App. 515, 50 Pac. 962.)

Objections are made to other rulings on the admission of testimony, but they are not deemed to be material. Although questioned, there appears to be sufficient evidence to sustain the findings and verdict of the jury.

Complaint is made of the refusal of the fifth request of the railway company for an instruction as to the burden of proof. The court in its charge instructed the jury correctly, stating that the burden of proof was upon the plaintiff. In the same connection the court advised the jury that when the plaintiff had

Railway Co. v. Mosher.

shown by a preponderance of the testimony that the fire was caused by the operation of the defendant's railroad, and the extent of the damages, it was *prima facie* evidence of negligence on the part of the defendant, and also instructed the jury as to the character and meaning of *prima facie* evidence.

There is no reason to complain of the refusal of the eighth request. It was of doubtful import, and, besides, the rule of contributory negligence, to which it related, was given to the jury in the tenth instruction, where among other things it was said:

"It is the law that even though you should find from the evidence that the defendant railway company was negligent in the operation of its line of road through the land of the plaintiff, and the plaintiff suffered damage thereby, still, if the plaintiff by any acts of negligence on his part directly contributed to the cause of the damages, he cannot recover. If you find from the evidence that the plaintiff used his land in question with a reasonable amount of care and prudence, that is, with such care and prudence as would be used by a reasonably careful and prudent man under such circumstances, and for the purpose for which his said land is adapted, and while so using the land the grass and other combustible matter accumulated which was consumed by the fire, this would not be contributory negligence which would prevent his recovery; but if on the other hand he failed to use such care and prudence as would be used by a reasonably careful and prudent man in handling his said land, and such want of reasonable care and prudence directly contributed to the cause of the damages which he has suffered, then he would not be entitled to recover."

So far as the evidence shows it may be doubted whether there was any occasion for submitting to the jury the question of contributory negligence, but if there was in the testimony anything which afforded an excuse for submitting the question the defendant has no cause to complain of the instruction given. It comes fairly within the rule laid down in *Walker v.*

*Railway Co., ante*, p. 32, and this authority answers other contentions made by the railway company. None of the errors assigned warrant a reversal of the judgment.

The second proceeding is based on an independent action brought under section 310 of the civil code (Gen. Stat. 1901, § 4758) to obtain a new trial. A motion for a new trial in the original case had been made and denied on February 3, 1906, and on that day final judgment was rendered. On January 9; 1907, the railway company filed its petition for a new trial, alleging that the burned trees and hedges which Mosher testified had been killed and for which he had recovered had been found, upon examination made in the summer of 1906, to have leaved out and to be alive and growing. In support of the petition several witnesses testified that many of the trees for which there had been a recovery were not dead but alive, and were thrifty and growing trees. In addition to this a number of photographs were taken, from which it appeared that some of the trees and hedges were alive. After hearing the evidence, and considering it in connection with that offered on the trial before the jury, the court denied the petition and refused to grant a new trial. Another case-made, embracing only the proceedings on the petition for a new trial, was prepared and settled, and on this a review of the order refusing a new trial is asked. It is contended that the evidence produced on the petition is newly discovered, not cumulative, and that it justified the granting of a new trial.

Counsel for Mosher challenges the right to review the order on the record as presented because it does not bring before this court all the testimony upon which the trial court acted. In passing upon the petition and the evidence produced under it it was proper for the trial court to consider the evidence received in the original trial in connection with the newly discovered evidence. In *Sexton v. Lamb*, 27 Kan. 432, it

Railway Co. v. Mosher.

was decided that on a petition for a new trial the
trial court is not concluded by the petition and proof
in that proceeding, but may consider the same as af-
fected by and bearing upon all the testimony and all
the facts as developed upon the original trial.   The
supreme court of Nebraska, under a similar provision,
held that when a new trial is sought upon a petition
after the term in which the judgment was rendered,
because of newly discovered evidence, the evidence on
the original trial should also be presented, so that
the court might determine whether the new evidence
would probably change the result or whether the testi-
mony was merely cumulative.   In the same case it was
ruled that "where a new trial is sought upon a pe-
tition filed after the term at which the judgment was
rendered, the evidence on the trial as well as the
newly discovered evidence must be set out in a bill
of exceptions."  (O., N. & B. H. R. R. Co. v. O'Donnell,
24 Neb. 753 [syllabus], 40 N. W. 298.  See, also, Over-
street v. Brown [Ky.], 62 S. W. 885.)

Here we are asked to review the evidence upon
which the trial court made its decision and yet only a
part of it is preserved and presented in the record.
The evidence on the subject in the original case which
was considered by the court is not included in the
case-made, nor is it referred to or made a part of this
record in any way.   While the petition to obtain a
new trial grows out of the original action, it is a new
and distinct proceeding, begun by the filing of a plead-
ing and the issuance and service of a summons as in
other cases.   To review the rulings in such a case a
record must be made and preserved as in any ordinary
proceeding in error.   The record made here is wholly
independent of the one made for a review of the orig-
inal case.   It is true that in the earlier proceeding in
error the testimony lacking in this record is preserved,
but it has been uniformly held that the evidence and
proceedings in the records of one case cannot be con-
sidered in a different cause unless they have been

properly brought into and made a part of the latter proceeding. In an earlier case it was said:

"Each proceeding in error is distinct and independent of the other, and the errors assigned in each proceeding are to be determined upon its own record. In determining errors assigned in this proceeding we must look alone to the matters and things revealed by the present record, and cannot examine or be governed by anything on the files of this court in a former proceeding in error, although it was brought to review a former judgment rendered in this case." (*C. B. U. P. Rld. Co. v. Andrews, Adm'r,* 34 Kan. 563, 565, 9 Pac. 213.)

(See, also, *Insurance Co. v. Thorp,* 48 Kan. 239, 28 Pac. 991; *Sanford v. Weeks,* 50 Kan. 339, 31 Pac. 1088; *Parkhurst v. National Bank,* 55 Kan. 100, 39 Pac. 1027; *McDonald v. Swisher,* 60 Kan. 610, 57 Pac. 507.)

While we cannot review the ruling denying a new trial, it is obvious from an examination of both records that if the evidence in both could have been considered the order of the court must still have been affirmed. Before the court could have granted a new trial it must have appeared that the newly discovered evidence, if it had been introduced, would with reasonable probability have compelled a different verdict. (*Sexton v. Lamb,* 27 Kan. 432.) Mosher and some other witnesses testified in the original case that in their opinion the fire had killed the trees or that the effect of the fire would be to kill them, while the newly discovered evidence disclosed that in an examination made the following year many of the trees were alive and growing. There was testimony offered in behalf of Mosher in the original case, however, to the effect that the trees, or some of them, might leave out the next year and might live for a year or two afterward, but that they would finally die from the effect of the burning. Much of the new evidence is therefore not in conflict with that of Mosher. While some of the trees for which a recovery was had may not die from

the effects of the fire, it can hardly be said that the
newly discovered evidence, if considered in connection
with that given on the original trial, would in all
reasonable probability require a different verdict.

It follows from what has been said that the judg-
ment in the first case as well as the order in the sec-
ond one must be affirmed.