No. 19,399.

FERD RINDT, *Appellant,* v. HENRY ROHLOFF and CLARA ROHLOFF, *Appellees.*

SYLLABUS BY THE COURT.

INDEPENDENT ACTION FOR NEW TRIAL—*Competent Evidence for Consideration of the Court—Demurrer Properly Sustained.* In an independent action under section 308 of the civil code to obtain a new trial the court properly considers the evidence given on the original trial, the affidavits and counter-affidavits relating to newly discovered evidence used on the hearing of a motion for a new trial in the original action as well as the evidence in support of the petition, and on the facts stated in the opinion it was not error to sustain a demurrer to the evidence.

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion filed July 10, 1915. Affirmed.

*C. E. Carroll,* of Alma, *R. L. Notson,* and *George D. Bischoff,* both of Herington, for the appellant.

*W. H. Carpenter,* of Marion, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The appellant sued the appellees on a promissory note for $300. They answered, setting forth an agreement between appellant Ferd Rindt, his brother Robert

Rindt, and wife, and the appellees, by which Robert and wife were to sign the note as principals because they owed the debt, and the appellees were to sign it as sureties, and that the note was not to be delivered to the appellant until Robert Rindt and wife first signed it. It was alleged that in violation of this agreement Robert Rindt delivered the note to the appellant without himself and wife having signed it. The appellant replied to the answer with a general denial. The case was tried before a jury and a verdict rendered in favor of the appellees. A motion for a new trial was filed, supported by a number of affidavits of witnesses to the effect that after the trial Herman Kickhafer and Amelia Kickhafer had said that they had not testified correctly concerning the agreement between the appellant and the appellees and upon another trial they would testify differently. The appellees presented the affidavits of the Kickhafers, in which they denied having said anything of the kind and stating that what they testified to on the trial was true and they would swear to the same again. The court denied the motion for a new trial. An independent action was then brought under section 308 of the civil code for the purpose of obtaining a new trial, and this is an appeal from a judgment in that proceeding denying a new trial.

The first and second assignments of error relate to a ruling sustaining objections to testimony of certain witnesses by which appellant offered to prove that subsequent to the ruling denying the motion for a new trial in the original case the Kickhafers had stated that they knew nothing about the $300 note when they testified. The court heard the evidence in the original case and the affidavits in support of the motion for a new trial, and it was obvious that the testimony, if admitted, could not in any respect change the result because the Kickhafers were not present when the note was signed, never claimed that they were, and at the original trial merely testified to the agreement between the appellant and all the parties as to the basis of the settlement agreed upon and the arrangement for the giving of the note. The testimony offered did not tend to sustain a claim that the Kickhafers had testified falsely to any material fact in the original case.

The remaining contention of the appellant is that the court erred in sustaining appellees' motion for judgment on the evi-

dence offered by appellant. The trial court was not concluded by the petition and proof offered by appellant in the independent action, but properly considered the evidence received on the original trial as well as that offered in support of the motion for a new trial in the original case. (*Sexton v. Lamb,* 27 Kan. 432; *Railway Co. v. Mosher,* 76 Kan. 599, 92 Pac. 554.) We are unable to find any substantial ground for the claim that the court erred in denying the motion for a new trial.

The judgment is affirmed.