## CHICAGO, R. I. & P. R. CO. v. SWINNEY et al.

No. 7238—Opinion Filed July 25, 1916.

(159 Pac. 484.)

**1. Damages — Fires — Evidence — Value of Trees.**

In an action against a railway company to recover damages for permitting fire to escape from a railway locomotive, resulting in the destruction and injury of growing fruit trees upon the land of plaintiff, evidence as to the value of the trees while growing on the land is competent for the purpose of showing the amount of plaintiff's damage.

**2. Appeal and Error—Grounds of Review—Sufficiency of Evidence.**

In the absence of a demurrer to the evidence or a motion for a directed verdict, the sufficiency of the evidence to sustain the verdict of the jury is not presented to this court on appeal, except as to excessive damages appearing to have been given under the influence of passion and prejudice.

(Syllabus by Rummons, C.)

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by W. R. Swinney and John Surbeck against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

C. O. Blake, R. J. Roberts, W. H. Moore, and K. W. Shartel, for plaintiff in error.

Wilson, Tomerlin & Buckholts, for defendants in error.

Opinion by RUMMONS, C. This action was commenced by defendants in error, plain-

tiffs below, and hereinafter so designated, against the plaintiff in error, herein styled the defendant, to recover the sum of $304 for the destruction of 16 peach trees, 8 apple trees, 6 walnut trees, 26 fence posts, and 120 rods of fence, and for damage to 8 peach trees, resulting from a fire set by a locomotive of defendant. The case was tried to a jury, resulting in a verdict for plaintiffs in the sum of $175. The court overruled the motion of defendant for a new trial, and entered judgment upon the verdict, to which defendant excepted, and brings this proceeding in error to reverse such judgment.

The defendant makes three specifications of error, which will be considered in their order. It is first urged that the court erred in admitting, over the objection of defendant, incompetent, irrelevant, and immaterial testimony. The testimony of which defendant complains ,under this specification of error consists of the evidence of the witnesses of plaintiff as to the value of the trees destroyed and injured by the fire. It is insisted by defendant that this testimony was incompetent for the reason that the true measure of damages for the injury sustained by plaintiffs is the difference in value of their farm immediately before the fire and immediately after the fire, and that therefore the only competent testimony to show the damage suffered by plaintiffs would be evidence as to the value of their land immediately preceding the fire and immediately succeeding it. It is true that the rule as to the measure of damages for this class of injuries as contended for by defendant is supported by most of the courts of last resort in the United States. However, there are several courts of high standing who lay down the rule that the true measure of damages for this character of injury is the fair and reasonable value of the trees destroyed and the difference in value of those injured before and after the injury. The Kentucky Court of Appeals, in the case of Louisville & Nashville R. Co. v. Beeler, 126 Ky. 328, 103 S. W. 300, 11 L. R. A. (N. S.) 930, 128 Am. St. Rep. 291, 15 Ann. Cas. 913, says:

"Ordinarily, where one person has negligently destroyed the property of another, he is required to compensate the person injured for the fair value of the property destroyed; and it does not lie in his mouth to say that, 'In destroying your property, which represented a large investment, I did you a service rather than an injury.' The owner of an estate is entitled to have his estate in such condition as he wants it, and to keep upon it such things as he pleases. An aviary, a skating rink, a dance pavilion, or the like, might in the judgment of the average person add very little to the value of an estate of land; and yet these things might represent a considerable investment of money. An orchard cannot be grown in a day. It requires patience and an outlay of money or labor to produce an orchard. Yet there are not a few persons who would think that the land without the fruit trees would be worth more than with them. Still the person who wants an orchard, and has invested his money in it cannot be deprived of his property by the act of the wrongdoer, and left without remedy for the loss sustained, simply because his land for other purposes or to other people might be worth as much without the orchard as with it. The railroad company here did not take the land. It simply destroyed the trees growing upon the land. We cannot see the sound distinction between the destruction of a house and the destruction of a peach tree. The question in both cases is the same: What is the value of the thing destroyed?"

The same doctrine is announced in Kansas City & O. R. Co. v. Rogers, 48 Neb. 653, 67 N. W. 602; Missouri P. R. Co. v. Tipton, 61 Neb. 49, 84 N. W. 416; Gilman v. Brown, 115 Wis. 1, 91 N. W. 227.

In a number of states in which the rule that the measure of damages is the difference in the value of the land before and after the fire is followed, it has been held, nevertheless, that evidence of the value of the trees destroyed and injured is competent for the purpose of aiding the jury in arriving at the difference in the value of the land. In Missouri, K. & T. R. Co. v. Lycan, 57 Kan. 635, 47 Pac. 526, the Supreme Court of Kansas says:

"The defendant also objected to witnesses being allowed to state the value of the trees and other things destroyed as a part of the freehold, on the ground that this was allowing them to assume the province of the jury and fix the plaintiff's damages. It is contended that the question should have been confined to the value of the farm as a whole before and after the injury, leaving the jury to compute the damages by deducting one from the other. While this is undoubtedly the regular and proper method of arriving at such damages as cannot be itemized and definitely measured in detail, it does not preclude the use of the best evidence which the nature of the case affords. Where a thing, whether it be a building, a tree, or a shrub, is destroyed by a wrongdoer, the most natural and best measure of the damage is the value of the thing destroyed as appurtenant to, or part of, the realty; and ordinarily the value of the thing destroyed would be the measure of the injury to the freehold. If for any reason the injury to the realty should be in fact less than the value of the thing destroyed, the plaintiff's recovery would be limited to the actual diminution in value of the realty. While this might be shown, either on cross-examination of plaintiff's witnesses or as a matter of defense, it does not prevent proof by the plaintiff of the value of

the thing destroyed as a part of the realty, as was done in this case."

The doctrine announced in the case last cited has been since followed in Kansas. Kansas City, F. S. & M. R. Co. v. Perry, 65 Kan. 792, 70 Pac. 876; Atchison, T. & S. F. R. Co. v. Geiser, 68 Kan. 281, 75 Pac. 68, 1 Ann. Cas. 812; St. Louis & S. F. R. Co. v. Noland, 75 Kan. 691, 90 Pac. 273; Chicago, R. I. & P. R. Co. v. Mosher, 76 Kan. 599, 92 Pac. 554; Atchison, T. & S. F. R. Co. v. Arthurs, 63 Kan. 404, 65 Pac. 651.

We think the competency of the testimony complained of by defendant has been upheld by our own court in St. Louis, I. M. & S. R. Co. v. Weldon, 39 Okla. 369, 135 Pac. 8. Commissioner Robertson, who wrote the opinion of the court, says:

"It is next urged that the court erred in admitting incompetent evidence as to the value of the property destroyed. * * * The value of the trees destroyed was searchingly investigated by expert witness for the company. The testimony on all the items of damage was competent, and was properly submitted to the jury."

We do not consider it necessary for us to determine in this case whether the true measure of damages is based upon the value of the trees destroyed and injured or solely upon the difference in value of the land before and after the fire, since, under the authorities above quoted, the evidence offered by plaintiffs was clearly competent, and the court committed no error in overruling the objections of defendant thereto.

The second specification of error alleged by the defendant is that there was not sufficient evidence to support the amount of the recovery. The defendant did not demur to the evidence of plaintiffs, and requested no instructions of the court, nor did it except to the instructions given by the court. We do not think this assignment of error is well taken, since, as we have held before, there was competent evidence before the jury from which they might have arrived at a verdict for even a larger amount. It is argued at some length that from the evidence before the court and jury the amount of damages found by the jury was considerably greater than the damage to the land measured by the rule of inquiring into its value immediately before the fire and immediately after the fire, but the defendant asked no instruction from the court upon this point, and cannot now complain, for the first time in this court, that the jury did not apply the true measure of damages to this case. St. L. & S. F. R. Co. v. Noland, 75 Kan. 691, 90 Pac. 273; Muskogee Electric Traction Co. v. Reed, 35 Okla. 335, 130 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484.

After the jury had returned its verdict, the defendant moved the court to reduce the judgment to $75, as being the maximum amount justified by the evidence, which motion was overruled. Upon the overruling of this motion the defendant rests its third specification of error. The defendant, having elected to go to the jury with this case upon the evidence submitted by the plaintiffs, without a request for instructions covering its view of the law applicable to the case, cannot, after an adverse verdict, ask the court to substitute its judgment for the judgment of the jury as to the damage sustained by the plaintiffs, except as to excessive damages appearing to have been given under the influence of passion and prejudice. Having concluded that the evidence as to the damages to the trees of plaintiffs was competent, and that there was competent evidence before the jury under the instructions given by the court to justify the verdict rendered, we find no merit in this third assignment of error.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.